## THOMAS GOGGAN & BROTHER v. GEORGE O. EVANS.

### No. 1394.

**1.  Verdict—Excessive—Reformation of Judgment.**

In a suit to cancel a contract of sale, and recover back $649.33, payments made thereon, the petition did not claim interest on the payments. The verdict was for cancellation "and for the payments made by plaintiff, principal and interest, the sum of $881.13: judgment for the latter amount was by the court on motion for new trial, reformed and entered for amount of principal claimed. Held:

1. When the verdict awards to the plaintiff something that he has not asked for in his petition, unless the thing or amount so recovered is designated and identified by the verdict the error cannot be cured either by voluntary remission by the plaintiff or by reformation by the court.

2.  Plaintiff under his pleadings, was not entitled to recover interest, and as the verdict does not disclose the amount allowed as principal, it was fundamentally defective and could not be made the basis of a judgment for any amount.

3. The court had the right of its own motion to reform the judgment if it could do so from the verdict alone; but the verdict must form the basis of the reformed judgment and cannot be helped out by the pleading or evidence.

**2.  Variance.**

On suit for cancellation of contract for sale of piano, see the opinion for pleading and proof as to sort of piano contracted for, held not to present reversible error on the ground of variance.

APPEAL from Travis. Tried below before Hon. F. G. MORRIS.

*Z. T. Fulmore*, for appellants.—The court erred in changing and altering the judgment originally rendered for plaintiff, and in rendering a final judgment different from the first judgment, not based on the verdict, and a judgment the court was not moved to make by either the plaintiff or defendants, and to which judgment both plaintiff and defendants excepted. Claiborne v. Tanner, 18 Texas, 78; 1 White and W. App. C., Sec. 1285; 82 Texas, 448-453; Messner v. Hutchins, 17 Texas, 597; 3 Willson's C. C., Sec. 517.

Performing contract in whole or in part is a waiver of the right to rescind or cancel it, and relegates the defrauded party to a suit for damages, especially where the parties to the contract can not be placed in statu quo. Grabenheimer v. Blum, 63 Texas, 376; 2 U. C., 593; 23 Texas, 436.

More than two years having elapsed between the sale of the piano and the filing of this suit to cancel, there must be some circumstance showing the necessity of a resort to a court of equity to prevent some

irreparable injury, which a court of equity alone is entitled to avert. Beach Eq. Jur., Sec. 552, et seq.

The facts as disclosed on the face of the petition, to-wit, that the old piano had been taken in exchange and the value thereof demanded, the piano purchased having been in use over two years, showing it impossible to place the plaintiff and defendants in statu quo, his only remedy was an action at law for damages. Beach Eq. Jur., Sec. 552, et seq; Benj. on Sales, Sec. 460, et seq.

Plaintiff's petition shows on its face that he accepted the contract in so far as it contemplated that his old piano was worth $200 in the trade, by demanding $200 from defendants, yet seeks to repudiate it after keeping it for two years and four months; in other words, accepts what is beneficial and repudiates what is detrimental. This he cannot do. Beach on Eq. Juris., Sec. 76, et seq.

Allegation of fraud must specify the acts insisted on as fraudulent. Varner v. Carson, 59 Texas, 305.

The only allegations as to representations made by appellants were as to value and quality, and neither in law nor in equity are such representations more than mere matters of opinion, and can not form the basis of fraud, unless there is inequality in the persons contracting or some peculiar relation of trust or confidence existing between them that would justify entire reliance upon such opinions. Varner v. Carson, 59 Texas, 305, and authorities there cited; Parsons on Contracts, 5 Ed., p. 778; Benj. on Sales, Sec. 431; Lawson's Rights, Remedies and Practice, Vol. 5, Secs. 2345-47.

The false and fraudulent representations of an agent are not binding upon the principal, unless the principal authorized such representations, or afterwards knowingly ratified them. Railway v. McKinney, 55 Texas, 176, et seq; Railway v. Garrett, 52 Texas, 133; Benj. on Sales, Sec. 462, et seq.

Jurisdiction of a court of equity will not be exercised to cancel an instrument for fraud where the injured party has an adequate remedy at law. Pom. Eq. Jur., 914, et seq; Beach, Eq. Jur.; Story, Eq. Jur., 197-199.

Where a party has been defrauded in a contract he has two remedies either to bring an action to cancel the contract, in which event the parties must be placed in statu quo; or he must let the instrument stand and bring his action for damages; he can not do both in the same action. Pomeroy Eq. Jur., Sec. 914, et seq; Blythe v. Speake, 23 Texas, 436; Scalf v. Tompkins, 61 Texas, 480 and 481, and the authorities there cited.

When the parties reduced their agreement to writing, it should be regarded as expressing their final views and conclusions in reference to the purchase of the piano, and no new ingredients can be added, nor can its terms be varied by parol evidence of prior or contemporaneous conditions; and in order to avoid the written instrument sued on in this case, it should be shown that the appellee was induced to sign the in-

strument by fraud, deceit, mistake, or unfair means, at the time he signed the same. 1 App. C., Sec. 946; Parker v. Beavers, 19 Texas, 409; Green. Ev., Vol. 1, 275; McKinney v. Herrick, 66 Iowa, 414 (23 N. W. Rep., 767); Wallace v. Railway, 67 Iowa, 547 (25 N. W. Rep., 772); 57 Texas, 238; and 72 Texas, 140, and cases cited.

All previous conversations and agreements pertaining to a contract which is finally reduced to writing are merged in the written contract, and can not be given in evidence to vary its terms, where there is ample opportunity and unquestioned ability to execute and comprehend its terms.

In addition to the above authorities, 69 Texas, 745; Railway v. McKinney, 55 Texas, 187, holding that instrument to be avoided, fraud must be shown in its execution or in its delivery.

Where a written contract is sought to be avoided for fraud in its execution and delivery, evidence of any acts or words prior to its existence are irrelevant and incompetent. Authorities same as above.

The evidence was not sufficient to warrant a verdict for plaintiff on the issue of fraud, and should not have been considered, as not warranted by the pleadings. Authorities same as above, and Loving v. Dixon, 55 Texas, 75, and authorities there cited; Parker v. Beavers, 19 Texas, 409.

On the issue of the cancellation of a written contract on the ground of false or erroneous description, it must be shown that such false or erroneous description was inserted knowingly and with the intent to deceive and defraud the other party. Pomeroy's Eq. Jurisprudence, Sec. 899, et seq; 4 Texas, 75-9; Beach Eq. Jur., Sec. 71; Kerr on Fraud and Mistake, 42 and 45.

The charge of the court to find for plaintiff the amount of the money "that the old piano was valued at by the parties as part payment for said new piano," is a charge upon the weight of evidence, and is contrary to the evidence. 62 Texas, 663; 73 Texas, 284; 74 Texas, 474; 1 Texas Civ. App., 593; 1 U. C., 301; 2 U. C., 32.

Where a court of equity has power to award damages, it can not go beyond compensation; by applying to such a court, the complainant waives all claim to exemplary damages. Sedgwick on Damages, Sec. 371, and authorities there cited; Pomeroy Eq. Jurisprudence; Smith v. Sherwood, 2 Texas, 463-64.

If this action is maintainable at all, it is maintainable as an action for breach of contract, hence no exemplary damages can be recovered. Sedgwick on Damages, Sec. 370; Railway v. Shirley, 54 Texas, 142.

The court erred in charging the jury on the weight of the evidence in an issue of fraud, and in failing to charge that more than a mere preponderance of evidence was necessary to sustain such a charge, and in not stating what evidence was requisite, or the nature and character of the evidence required, to justify a verdict on such issue. 1 White and W. C. C., Sec. 946; Parker v. Beavers, 19 Texas, 409; Grooms v. Rust, 27 Texas, 231; Markham v. Carothers, 47 Texas, 21; 2 Pomeroy Eq.,

Sec. 859; Kerr on Fraud and Mistake, 384; Beach Eq. Jur., Secs. 72, 75.

*John Dowell,* for appellee.—The court has a right, at any time, on the question of amount, to correct its judgment in order to conform to the pleadings, evidence and law of the case, so as to arrive at abstract justice, and this is what the court did, and appellants do not show wherein there was error. Sayles' Civil Statutes, Vol. I, p. 450, Arts. 1354-1355; Sayles & Bassett's Texas Pleading and Practice, Sec. 722, also Secs. 717, 718, 719, 720, 721.

This was an action for the cancellation of a contract on the ground of fraud and deceit; and the rule of law is that appellee had the right to have the contract cancelled, and tender back the piano, and recover from appellants the amount of money paid, with legal rate of interest from date of payment; and the petition showed a good cause of action, and the court did not err in overruling the general and special demurrer. Evans v. Goggan & Bro., 5 Texas Civ. App., 129; this case on appeal to this court. Stacy v. Ross, 27 Texas, 3; Bucklers' Texas Civil Digest, Vol. II, p. 31; Fraud, Sub Div. IV, Effect of on Contracts; See also, Remedy, p. 37; Rule 23, p. 2245, on Evidence, Sayles' Texas Civil Statutes, Vol. I; Tiedman on Sales, Secs. 157, 163; Lawson on Contracts, Secs. 205-246; Rapaljes' Digest American Decisions and Reports, pp. 1605, 1614, Vol. 2; Fraud, Remedies for Fraud, Sub Divs. I, II, and cases cited.

Parol evidence is admissible to show fraud and deceit in the obtainance of a written contract, and in the bargaining and selling of personal property, such as was sold in this case, and to set aside a written contract on the ground of deceit and fraud, and the court did not err in admitting the testimony of the witnesses to that effect. Same authorities.

This being an action of fraud and deceit in the sale of a piano, the contract for purchase of which was reduced to writing, all fraud, deceit and misrepresentation in the sale of said piano, which produced the execution of the written contract, is admissible in evidence to avoid it, and the testimony in this case shows that the fraud, deceit and misrepresentations in the sale of said piano were sufficient to avoid the same, as the jury found, and the testimony amply supports the verdict of the jury. Same authorities.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellants to rescind a contract for the purchase of a piano and to recover the purchase money already paid, alleging that the contract was procured by fraud. He alleged that he had paid on the contract $649.33, and prayed judgment for the same and for $500 exemplary damages, but did not ask for interest on the amount so paid. The court instructed the jury, if they found for the plaintiff on the issue of rescission, to also find for him the amount paid by him under the contract, with interest at the legal rate

from the first day of January after each payment. The body of the verdict is in these words: "We, the jury, find for the plaintiff on the issue of cancellation and for the payments made by the plaintiff, principal and interest, the sum of eight hundred and eighty-one 13-100 dollars, and we also find for punitory damages in the sum of one dollar." ·

The court first rendered judgment for the plaintiff in strict accordance with the verdict, but at the time it overruled appellants' motion for a new trial, which complained of the verdict as being in excess of the amount claimed in the petition, the court reformed the judgment as to the amount of the recovery, as follows: "It is further ordered by the court that the judgment in this cause be and the same is hereby reformed and rendered for plaintiff for the sum of $649.33, being the amount of the principal demand of said plaintiff without interest, and the further sum of $1 punitory damages, in all the sum of $650.33, so that said judgment shall hereafter read as follows," etc.

This action of the court forms the subject of complaint in this court, and we think the complaint must be sustained, and the judgment reversed. Not having sought to recover interest on the payments made, appellee was not entitled to do so; and, in our opinion, this error was not cured by the action of the court in reforming the judgment. We do not think there is any merit in the contention that the court could not reform or correct its judgment without being requested so to do by one of the parties, but we concur in the proposition that, when a jury intervenes, the verdict must form the basis of the judgment. And, when the verdict awards to the plaintiff something that he has not asked for in his petition, unless the thing or amount so recovered is designated and identified by the verdict, the error cannot be cured, either by voluntary remission by the plaintiff or by reformation by the court.

This is so because the extent of the injury cannot be known; and, until it is known, it cannot be remedied, except by annulling the entire verdict. The verdict in this case awards to the plaintiff $881.13 for the payments made by him, and for interest thereon; but it does not designate how much is allowed as principal nor how much as interest. What warrant is there in the verdict for the assumption that the jury intended $649.33 of the $881.13 awarded to appellee, as principal, and the remainder as interest? There is nothing whatever in the verdict to indicate that any particular portion was intended as either principal or interest; and such a conclusion cannot be reached, unless something apart from, and not referred to, in the verdict, is considered. The amount of the principal is alleged in appellee's petition to be $649.33; but the verdict does not refer to the petition, and it is not to be supposed that the jury intended to allow him that amount as principal, merely because he claimed it in his petition. There is nothing in the charges given to the jury, nor in any other part of the record as it then existed, that will aid in determining what amount of the $881.13 the jury intended as principal, and what amount as interest; and that it was not

permissible to look to the evidence for that purpose was held in Mays v. Lewis, 4 Texas, 38, and Smith v. Tucker, 25 Texas, 594.

Those cases have been followed by this court in Bennett v. Seabright, 32 S. W. Rep., 1048. In Smith v. Tucker, supra, the verdict found for the plaintiff "the land described in the petition, less seven hundred sixty-seven and a half acres as described in the deed read in evidence from D. F. Hooper to C. M. Adams." It was held that this verdict was too indefinite, and could not be aided by looking to the deed referred to and there ascertaining the particular 767½ acres to be excluded, thereby rendering certain the land to be recovered. In the present case the uncertainty in the verdict, as to how much was intended as principal and how much was interest, is greater than was the uncertainty in the verdict in Smith v. Tucker, because there the verdict referred to a document in evidence, which, if considered, would render the verdict certain; here, the verdict refers to nothing whatever that could assist in making an apportionment between principal and interest.

We therefore hold that, as the plaintiff, under his pleadings, was not entitled to recover interest, and as the verdict does not disclose the amount allowed as principal, it is fundamentally defective, and cannot be made the basis of a judgment for any amount.

It is claimed that a fatal variance exists between the cause of action pleaded and the one proved, but we do not reverse the case on that ground. It is true that appellee's petition describes the piano contracted for, as "the finest upright Weber piano," while his evidence is to the effect that he was first shown a Weber piano, and he stated that he did not want it, but wanted a finer and better piano; and that appellants agreed to furnish him a finer and better one.

There are other averments in the petition that indicate that the gist of appellee's complaint is that appellants agreed to furnish him a fine piano worth $750, the contract price, and delivered to him an inferior one worth only $550; and the evidence was not objected to in the court below as variant from the petition. Besides, we suppose the plaintiff will amend his petition and thereby eliminate the question on another trial.

Numerous other questions are presented in appellants' brief, several of which were, in effect, decided when the case was before this court on the former appeal (Évans v. Goggan & Bros., 5 Texas Civ. App., 129), and their further discussion is not deemed necessary. It is sufficient to say, that assignments of error presenting other questions are not regarded as tenable, and are therefore overruled.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 29, 1896.