## Galveston, Harrisburg & San Antonio Railway Company v. Emrie Johnson et al.

### Decided June 13, 1900.

**1. Exception to Pleadings on Issue Not Submitted to Jury—Immaterial Error.**

Where the cause was submitted to the jury upon a single issue of negligence, error in overruling defendant's exceptions to plaintiff's allegations of other forms of negligence is immaterial.

**2. Railway Company—Negligence—Unblocked Car—Concurring Cause.**

Where a railway company was guilty of negligence in allowing a freight car to remain on a side track without being blocked or having the brakes set, whereby the car escaped out on the main track, causing the death of an engineer in a collision that resulted, the company is liable for such injury, although some unknown person may have contributed to the injury by loosing the brakes of the car.

**3. Practice on Appeal—Assignment of Error—Statement.**

Where an assignment, based on the assumption that the evidence shows a certain state of facts, is not followed by any statement of the evidence, it is not entitled to consideration.

**4. Measure of Damages in Action for Death—Charge.**

A requested charge of court in an action for negligently causing the death of a husband and father limiting plaintiffs "to such sum as would represent the present worth of the future earnings of deceased, which they had a reasonable expectation he would have contributed to them had he lived, such present worth being calculated upon the basis of 6 per cent per annum," was properly refused, since the last clause of the instruction vitiated it.

**5. Evidence—Action for Death—Mortality Tables.**

In an action of damages for negligent injury causing death, it may be shown from the American Experience Tables of Mortality, compiled by the insurance

companies, what is the average life expectancy of a person of the age of the deceased, although, being an engineer and engaged in an extra hazardous business, he was not within the insured class, since the table furnished evidence that could properly be considered in ascertaining what would have been the probable duration of decedent's life.

### 6. Judgment—Apportionment of Damages.

Where a judgment for damages in favor of two plaintiffs was that one of them, E. J., recover $17,500, "said sum to be divided and awarded as follows, to wit, $12,500 to the said E. J., and $5000 to said F. J." (the other plaintiff), it was not subject to the objection that E. J. was allowed to recover for the entire sum.

### 7. Verdict—Remittitur in Trial Court.

In a case wherein the verdict for damages was clearly excessive, the trial court's refusal of defendant's motion for a new trial on condition that plaintiff remit a certain excess in the verdict, is harmless error, since the appellate court would have required it, and its power to require remittiturs carries with it the power to approve them.

### 8. Verdict Held Excessive—Damages for Death of Engineer.

A judgment against a railway company for $15,000 for negligently causing the death of an engineer, a husband and father who was 46 years old, is held excessive, and a remittitur of $2500 is required.

Appeal from Bexar.     Tried below before Hon. S. J. Brooks.

*Upson, Newton & Ward,* for appellant.

*J. A. Buckler,* for appellees.

JAMES, Chief Justice.—Appellee, Emrie Johnson, brought this action to recover on behalf of herself and her minor child, damages resulting from the death of her husband, George W. Johnson. The father and mother of Johnson were also named as plaintiffs, but no recovery was allowed them.

The occurrence in which Johnson was killed was by the passenger train on which he was engineer running into an empty box car standing upon the main track near Missouri City. The forms of negligence alleged were that the empty box car had been negligently left by defendant's employes unblocked and unsecured upon a side track at Missouri City which connected with the main track, and without taking any precautions to prevent the car from escaping to the main track, as an ordinarily prudent person would have done, and as it was the duty of the station agent at Missouri City to have done; also that the said side track was negligently constructed and so allowed to remain, in that it was not provided with a derailing switch so as to prevent the car from moving from it upon the main track; that said car negligently left upon the side track so negligently constructed with nothing to impede its moving off was blown from the side track out upon the main line and permitted to remain there through the negligence of defendant, its agents, and employes, especially that of the station agent, until the train ran into it, which resulted in Johnson's death.

The court submitted the case upon the single issue of negligence in regard to the car being left upon the side track unblocked and without

brakes set. The jury were clearly instructed that if they believed that defendant was not guilty of negligence in failing to have the brakes set or the wheels blocked, if there was any such failure, to find for defendant.

We find as conclusions from the testimony that defendant was negligent, and that such negligence was the cause of the killing of Johnson. There is no need of discussing the first assignment, in view of article 3022, Revised Statutes.

By the second assignment the court is said to have erred in overruling an exception to the petition upon the ground that it did not appear that defendant was negligent in not providing a derailing switch, or that the failure to provide one caused or contributed to the accident. We do not so read the petition. Nor do we agree with the construction sought to be placed upon the petition by the third assignment of error. In view of the submission upon the one issue as already explained, the matters dealt with by these assignments, and also the fourth, would not, if founded in fact, require a reversal.

The fifth, sixth, and seventh assignments are criticisms of the charge, none of which is deemed substantial. It does not seem necessary to discuss the fifth. As to the ninth, there could be no error in failing to submit the issue mentioned, unless the requested charge upon that subject were a correct one. The requested charge was: "If from the evidence you believe that the employes of the defendant left the brakes set on the said cars on the side track, and that thereafter some person unknown to the defendant removed said brakes and left them unset, and that the act of such unknown person caused, or in any manner contributed to, said cars being on the main track, you will find for the defendant." This charge would have ignored the question of negligence in allowing the car to remain in such condition on the side track, which would have been sufficient to render defendant responsible, although the act of some third person in removing the brakes may have contributed to the occurrence. The general charge required a verdict for defendant, if it had not been negligent in this matter. These remarks apply in part also to the sixth assignment, and dispose also of the ninth assignment. Under these assignments there is no statement of testimony to substantiate the claim made, "that the undisputed testimony showed that in the exercise of reasonable care it was not necessary to have the wheels blocked," which of itself would excuse us from inquiring into that question. But, as pointed out by appellee, there was evidence that the evening before the accident the station agent was notified by the owners of the posts in the cars that the cars had been unloaded, and that the agent did nothing to see whether the brakes were set or not, and that by the rules of the company it was his duty to see that cars thus left standing were secured by brakes set and the wheels blocked.

The eighth assignment questions this charge: "If, in view of foregoing instructions, your verdict shall be for plaintiffs, and you award them damages, then, in fixing the amount of your verdict, you will allow them such a sum of money as you find from the evidence will be a fair

compensation to them for the pecuniary loss, if any, sustained by them in the death of said George W. Johnson, separating by your verdict the sum, if any, you allow to plaintiff, Emrie Johnson, for herself, and the sum, if any, for the benefit of her daughter, Frances Johnson." The objection is that they were not entitled to recover a fair compensation,—that what might be a fair compensation to them might not be what they had a reasonable expectation of receiving from the deceased had he lived. The charge embodies a correct proposition of law. By special requests the court might have been required to go more particularly into explanation of the measure of damages, and there was a charge asked for this purpose, which, however, was properly refused because it attempted to limit the recovery "to such sum as would represent the present worth of the future earnings of deceased, which they had a reasonable expectation he would have contributed to them had he lived, such present worth being calculated upon the basis of 6 per cent per annum." The last clause of this instruction vitiated it. See Railway v. Dehnisch, 57 S. W. Rep., 64; Railway v. Morrison, 93 Texas, 527. This disposes also of the tenth assignment.

The requested charge referred to in the eleventh assignment was properly refused, the subject having been properly treated in the main charge.

The fifteenth assignment is that there was error in admitting in evidence an abstract from the American Experience Tables of Mortality which showed that the life expectancy of a person of 46 years would be 23.81 years, and at 47 an expectancy of 23.08 years, because it appeared from the undisputed testimony of the witness who verified the tables that the same were statistical tables made up for ages of 21 to 100 years, showing the probability of life of any one at any age after 21 years; that these statistics were made up by the insurance companies from their experience as to the life of men taken from the statistics they had of people who had insured their lives in the companies using said tables. The witness stated: "This is a statistical table made up from the ages of 21 to 100, showing the probability of the life of anyone at any given age after 21; that is, by the insurance companies of subjects of insurance based on the experience of the companies. It is made up by the insurance companies from their experience as to the lives of men, from the statistics they have had of people who have insured their lives. The companies furnishing the statistics from which this table is made up will not insure an engineer, because extra hazardous." The proposition is that the tables had no reference to the probable duration of life of the class of men to which deceased belonged,—in other words, that it had no application to the life of a railroad engineer. Courts have been very indulgent in allowing mortality tables as evidence. According to our investigation of the question now raised, we find that it has not been often presented, and where it has been attempted to be raised, the courts have refrained from deciding it. Camden v. Williams, 40 Atl. Rep., 635; Smiser v. State, 47 N. E. Rep., 229; Steinbrunner v. Railway, 23 Atl. Rep., 239. But there is no way to avoid passing on it in this case.

Life tables are never taken as fixing the expectancy of life of the

particular person, or as forming a legal basis for a calculation, but are accepted as furnishing some evidence to be considered by the jury in connection with all the other pertinent evidence in ascertaining the probable duration of the life in question. Smiser v. State, supra; Suth. on Dam., sec. 445; Railway v. Bennett, 76 Texas, 153. Expressions are frequently found that such tables, to be useful as evidence, should not appear to have been made up with regard to selected lives only, exclusive of the life in question. In Rajnowski v. Railway, 41 Northwestern Reporter, 847, it was stated in the case of a child five years old that it was error to admit life tables that had no reference to children of that age.

In the present case the tables had reference only to insurable lives, and the evidence showed they did not relate to the lives of railroad engineers. In other words, the evidence as it stood, undisputed, was that the expectancy of engineers was under what was indicated by the tables. The tables conveyed the fact of what the expectancy was of a man of decedent's age and health, as ascertained from mankind generally in ordinary walks of life. Was this not a fact proper to be considered by the jury in this case? We think it was. There was no other testimony introduced on the subject of expectancy, and without the aid of these tables the jury might have found the expectancy of the deceased to have been greater than what had been ascertained from actual experience to appertain to lives under more favorable conditions than his. It was therefore of some importance in this case for the jury to know what was the result of statistics on this subject in reference to insured lives, which, as is commonly known, embrace vast numbers of people. They would know from this not merely what was the ordinary expectancy of men of decedent's age, but from the undisputed evidence that went with the tables, that his expectancy would be less. The objection to the testimony can rest only on the theory that the tables would be misleading. From the evidence, as it was, it is improbable that they could have been misled. Objections to the tables as evidence under the circumstances would seem to go more to their weight than to their admissibility. Suppose defendant had deemed it desirable to show the expectancy of men under more favorable conditions of life, in order to restrain the jury from going further, or that far, in arriving at the probable duration of the life in question, we think it would have been allowed to do so. We conclude that the judgment should not be reversed for this assignment.

The twelfth and tenth assignments are not well taken. As already stated, the issue of negligence submitted was as to the failure to have the brakes set on the empty car. The charge exonerated defendant, if the jury believed from the evidence that it was not guilty of negligence in this respect. In view of this, the matters in these assignments need not be discussed.

We think there is nothing in the complaint that the verdict is contrary to the evidence.

The nineteenth assignment is that, if the remittitur of $2500 was

properly allowed in the District Court, the amended judgment should have authorized plaintiff, Emrie Johnson, to recover $12,500, and the plaintiff, Frances Johnson, $5000. It is contended that this judgment does not conform to the judgment which finds for plaintiff for the entire sum, to be divided as follows: for Emrie Johnson a specific sum, for plaintiff Frances Johnson a specific sum, the judgment as entered being "that Emrie Johnson do have and recover of and from the defendant * * * the sum of $17,500, * * * and that the said sum be divided and awarded as follows, to wit: to the said Emrie Johnson the sum of $12,500 and to the said Frances Johnson the sum of $5000." The proposition is that Emrie Johnson recovers the full amount, and the court simply apportions a part to the minor. We think the verdict and the judgment conform. The objection that Emrie Johnson is allowed to recover for the entire sum is not well taken, as this recovery is qualified, and $5000 of the recovery is in terms awarded to the minor, which is really a judgment for the minor for that part.

In the District Court, on intimation of the judge that he considered the verdict excessive to the extent of $2500, plaintiff's counsel entered such remittitur, and defendant's counsel excepted on the ground that a remittitur did not cure the error of excess, or obviate the necessity of a new trial. If no appeal had been taken the judgment as entered would have been conclusive on defendant. The case being here on appeal, this court is clothed with express power to allow such errors to be remedied by remittitur. Our duty to exercise this power would be clear had the judgment been allowed to remain as originally entered. Railway v. Syfan, 91 Texas, 562. We can not see how this power is impaired because the judgment comes here already reduced in amount. If the remittitur entered in the District Court is the same as this court would have required, the result is the same as if this court had enforced it. If less, this court may require further reduction, and the result would be the same as if this court had exacted the entire reduction. We do not deny the District Court's power or discretion to grant new trials in cases of excessive verdicts, but we think if they see fit to entertain a remittitur, there is no necessity of our reversing the judgment upon that ground, when we have express authority to require remittiturs, which carries the power to approve them.

The remaining assignment is that the judgment is excessive in amount, and we regard this as well taken. If within ten days appellee remit the further sum of $2500, the judgment will be reformed and affirmed, otherwise reversed and remanded.

*Reformed and affirmed.*