## BROWN GRAIN CO. v. TUGGLE.

(Court of Civil Appeals of Texas. Austin. Dec. 6, 1911.)

1. JUSTICES OF THE PEACE (§ 174*)—APPEAL—AMENDMENT TO PLEADING.

Where the petition in an action in a justice's court for breach of contract alleged specified damages, the allowance of an amended petition in the county court alleging greater damages was not erroneous.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 672; Dec. Dig. § 174.*]

2. SALES (§ 418*) — BREACH OF CONTRACT — MEASURE OF DAMAGES.

Where a seller of a car of seed oats delivered a car short a specified number of bushels, the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

measure of damages was the market value at the time of delivery of the oats not delivered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

3. APPEAL AND ERROR (§ 1140*)—DISPOSITION OF CASE ON APPEAL—REMITTITUR.

Where the evidence showed the amount which plaintiff was entitled to recover, and the trial court rendered judgment in excess of that amount, the court on appeal will render judgment for the proper amount on plaintiff remitting the excess, otherwise the judgment must be reversed and cause remanded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4478; Dec. Dig. § 1140.*]

Appeal from Comanche County Court; J. M. Reiger, Judge.

Action by T. H. Tuggle against the Brown Grain Company. From a judgment for plaintiff rendered by the county court on appeal from a justice's judgment for plaintiff, defendant appeals. Reformed and rendered.

L. V. Reid, for appellant. Geo. E. Smith, for appellee.

### Findings of Fact.

JENKINS, J. Appellee brought suit in the justice's court against appellant to recover the sum of $101.70 for the failure of appellant to comply with its contract in delivering a car of seed oats. The contract was that appellant was to deliver to appellee at Comanche, Tex., a car of red rust-proof seed oats, free from Johnson grass seed, and suitable for sowing, at 60 cents per bushel. The car of oats was delivered and paid for by appellee. There were not free from Johnson grass seed, but contains such seed and were unfit for sowing. Appellee, upon discovering this fact, tendered the oats to appellant, who refused to receive them. Thereupon appellee sold said oats at 50 cents per bushel. The car was short 49 bushels. Appellee recovered judgment in the county court for $101.70 which was the amount due him, allowing 60 cents a bushel for the shortage and 10 cents per bushel for the difference in price which he paid for the oats and the price for which he sold them. Appellant appealed from the judgment of the justice's court, and in the county court appellee amended, and alleged that the oats contracted to be delivered to him were worth at the time of such delivery 75 cents per bushel, which, if true, would make his damages $150.85. Judgment was rendered in the county court in favor of appellee for this amount. The evidence, however, shows that said car load of oats was worth on the market in Comanche at the time of such delivery only 60 cents per bushel.

### Opinion.

[1] 1. Appellant assigns error on the action of the court in allowing appellee to amend in the county court, alleging the oats were worth 75 cents per bushel, instead of 60 cents, as alleged by him in the justice's court. There was no error in this action of the court. Such amendment did not set up a new cause of action.

[2] 2. As the evidence shows that the oats contracted to have been delivered would have been worth only 60 cents per bushel at the time of such delivery, and that the car was short 49 bushels, appellee was entitled to a judgment for only the sum of $101.70.

[3] If he will remit in this court within 15 days from this date the excess in the amount of the judgment recovered by him, to wit, $49.15, the judgment of the trial court will be affirmed in his favor for $101.70; otherwise the judgment herein will be reversed, and this cause remanded.

Appellee having filed in this court a remittitur for the sum of $49.15, judgment is here reformed and rendered for appellee for $101.70, in accordance with the foregoing opinion.