JOHNSON et al. v. OSWALD.

(Court of Civil Appeals of Texas. Dallas. Dec. 7, 1912.)

1. CHATTEL MORTGAGES (§ 177*)—CONVERSION OF MORTGAGED CHATTELS—LIABILITY.

One converting to his own use mortgaged chattels is only liable to the mortgagee for the market value of the chattels at the time and place of conversion, and, where the value exceeds the debt, then only to the extent of the debt.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 336, 340–357, 477; Dec. Dig. § 177.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**2. CHATTEL MORTGAGES (§ 177*)—PETITION—SUFFICIENCY.**

The petition, in an action by a mortgagee for the conversion of mortgaged chattels, should specifically allege the time and place of conversion and the value of the chattels converted.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 336, 340–357, 477; Dec. Dig. § 177.*]

**3. CHATTEL MORTGAGES (§ 177*)—VALUE OF PROPERTY CONVERTED—EVIDENCE.**

The testimony of a witness, in an action for the conversion of mortgaged chattels, that the mortgagor sold the chattels to a defendant who moved them to another place and resold them to codefendant; that the largest part of the property was by the carrier broken into scrap iron in moving; that defendant sued the carrier for the loss occasioned thereby and recovered a judgment for several hundred dollars; that the remainder of the property was in the possession of codefendant under his contract of sale; that defendant and codefendant by their conversion destroyed the mortgage lien and prevented the mortgagee from enforcing his lien on all but a fractional part of the property in possession of codefendant—did not show the value of the property when defendant bought and took possession of it, nor the time or place of his taking possession of it, and a judgment against defendant and codefendant was unsustainable.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 336, 340–357, 477; Dec. Dig. § 177.*]

**4. APPEAL AND ERROR (§ 1140*)—CORRECTION OF ERROR BY REMITTITUR.**

The error in the amount of a judgment, resulting from an error in calculation so as to make the judgment too large, does not require a reversal, where it can be cured by a remittitur.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4478; Dec. Dig. § 1140.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by E. E. Oswald against Marsene Johnson and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Fannin & Underwood, of Dallas, for appellants. George Sargeant and Cecil L. Simpson, both of Dallas, for appellee.

TALBOT, J. This suit was instituted by the appellee, Oswald, in the county court of Dallas county at law, against R. E. L. Giles, American Type Founders' Company, and the appellants Marsene Johnson and W. C. Lessing. The plaintiff sued to recover of the defendants Giles and the American Type Founders' Company the amount of two promissory notes, with interest and attorney's fees, as provided for in said notes, and to foreclose a chattel mortgage given to secure the payment of said notes, and of the defendants Johnson and Lessing damages alleged to have been sustained by reason of the conversion by them of the property upon which the plaintiff claimed a lien by reason of the chattel mortgage. On the 2d day of January, A. D. 1912, which was appearance day of the term, the case was called, and the defendants Johnson and Lessing not appearing either in person or by attorney, and neither having filed an answer, the plaintiff took a default judgment against them for $481.69, having in the meantime dismissed his case against the defendants Giles and American Type Founders' Company. The judgment recites the waiver of a jury, and that the court, after hearing the pleadings, the evidence, and argument of counsel, "is of the opinion that all material allegations in plaintiff's cause of action are true, that the defendants W. C. Lessing and Marsene Johnson are indebted to the plaintiff in the sum of $481.69, with legal interest, and that the law is for the plaintiff." The judgment then proceeds in the usual form to decree that the plaintiff recover of the defendants Johnson and Lessing the sum of $481.69, with interest thereon from the date of the judgment at 6 per cent. per annum, together with all costs of suit. The appellants, Johnson and Lessing, in due time, filed a motion to set aside the judgment and for a new trial, which being overruled, they appealed.

There are several assignments of error, but they need not be considered and discussed in detail. The contention that the judgment is a personal one against the appellants on the notes sued on is probably not sustained by the record. At least, we are inclined to think it is subject to the construction that it is based upon the allegations in appellee's petition, attempting to charge a conversion of the property upon which he held a lien by the appellants and the proof offered in support thereof. The judgment, however, is clearly not as explicit as it should be in this respect.

[1, 2] It is assigned that the plaintiff's petition shows no cause of action whatever against the appellants, and therefore insufficient to support a judgment by default on appeal. If, as contended, the petition shows no cause of action against the appellants, then, as to them, it was subject to a general demurrer and insufficient to sustain the judgment rendered against them. It is clear the petition shows no liability on the part of the appellants for the payment of the notes sued on, and whether its allegations sufficiently charge a conversion of property upon which appellee had a lien to authorize a judgment against appellants for its value may be gravely doubted. The existence of the lien is sufficiently stated; but we find no direct or specific allegation that appellants at a certain time and place named converted the property, nor do we find any specific allegation of the value of the property. The allegations are: "That, at a date subsequent to February 4, 1910, or thereabouts, the defendants Marsene Johnson and W. C. Lessing began setting up some fictitious claim to said property in defiance of the rights of the American Type Foun-

ders' Company, which adverse claim the American Type Founders' Company and this plaintiff had no knowledge of until about May, 1911, at which time the said American Type Founders' Company and this plaintiff were advised that said defendants, Marsene Johnson and W. C. Lessing, had taken possession of said property and had converted the same to their own use to the damage of the American Type Founders' Company in the sum of $500." The appellants are not liable on the notes described in the petition, and, if they converted to their own use property upon which appellee had a valid lien, they could only be held liable for the market value of the property at the time and place of conversion; and, if the value of the property exceeded the amount of the debt for which the lien was given to secure, then only to the extent of such debt. The allegations of conversion, of the time and place of conversion, and of the value of the property converted, should be specific.

[3] It is further contended that there was no evidence, or insufficient evidence, of the value of the property claimed to have been converted, and that for this reason the judgment should be reversed. In this contention we concur. The only evidence found in the record that remotely bears upon the question of the value of the property was given by the witness George Sergeant, and, as shown by the agreed statement of facts, is as follows: "R. E. L. Giles, the maker of these notes and mortgage, sold this mortgaged property to Marsene Johnson, who moved the property to Houston and' resold it to W. C. Lessing. The largest part of the property was broken into scrap iron in moving by the railroad company. Marsene Johnson sued the railroad company for the loss and recovered a judgment for several hundred dollars damage. The remainder of the property is now in the possession of W. C. Lessing under his contract of sale with Marsene Johnson. Principal, interest, and attorney's fees due plaintiff on the notes and mortgages sued on amount to $481.69. Marsene Johnson and W. C. Lessing, by their conversion of this property, caused its destruction, and thereby prevented plaintiff from enforcing its lien on all but a fractional portion of property now in W. C. Lessing's hands, so that the damage sustained by plaintiff aggregates $481.69. No part of this has been paid." This testimony utterly fails to show the value of the property at the time Johnson bought and took possession of it, and so does it fail, too, to show either the time when he took possession of it, or the place where it was situated when he took it. Without proof of the value of the property at the time and place of its conversion, if converted, there was no basis in the evidence for a judgment against Johnson and Lessing upon the theory that they

had converted it. It requires both allegations and proof to authorize and sustain a judgment. The absence of either is fatal. This proposition is so well established that the citation of authority in support of it is unnecessary.

[4] It is further contended that, in any event, the judgment rendered is too large. In this contention we also concur. If there had been evidence showing that the value of the property involved in the litigation, at the time and place of its conversion, was of value equal to or in excess of the debt sued on, a judgment for $481.69 against appellants would be excessive, for the reasons that said amount exceeds by $11.76, according to the calculation we have made, the principal, interest, and attorney's fees shown by the notes upon which the suit against Giles and the American Type Founders' Company was based, and to secure the payment of which the mortgage lien set up was given. Both of the notes are dated June 4, 1909. One of them is for $200, payable January 1, 1910, and the other is for the sum of $148, payable June 10, 1910. Both bear interest at the rate of 6 per cent. per annum from date until maturity, and from maturity until paid at the rate of 10 per cent. per annum, and provide for 10 per cent. additional as attorney's fees, if placed in the hands of an attorney for collection, etc. The error in the amount of the judgment would not, of itself, require a reversal of the case, as it could be cured by a remittitur; but, as a reversal is required for other reasons indicated, we call attention to it that a similar error may not occur upon another trial.

The judgment is reversed, and the cause remanded.