HOUSTON E. & W. T. RY. CO. v. HOOPER et al. (No. 1567.)*

(Court of Civil Appeals of Texas. Texarkana. March 2, 1916. Rehearing Denied March 9, 1916.)

1. CARRIERS ⬚320(1) — TAKING CASE FROM JURY—PEREMPTORY INSTRUCTION.

In an action for injuries to a passenger in descending from the car platform, where there was evidence sufficient to carry one of the alleged acts of negligence to the jury, the refusal of a peremptory instruction was not error.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1315, 1317; Dec. Dig. ⬚320(1).]

2. APPEAL AND ERROR ⬚1033(4)—REVIEW—HARMLESS ERROR—REQUEST FOR PEREMPTORY INSTRUCTION.

The refusal of a peremptory instruction for defendant as to one act of negligence alleged by plaintiff was not injurious, where the jury found for defendant on the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4058; Dec. Dig. ⬚1033(4).]

3. CARRIERS ⬚318(11) — INJURIES TO PASSENGERS—ACTION—EVIDENCE.

In an action for injuries to a passenger in descending from the car platform, evidence held to authorize the jury to find that there was insufficiency of light which was the producing or proximate cause of the injury.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. ⬚318(11).]

4. APPEAL AND ERROR ⬚237(6)—PRESENTING QUESTIONS TO TRIAL COURT — SETTING ASIDE FINDING.

To predicate error on the refusal to set aside a finding of the jury, there must be a motion to set it aside.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½; Dec. Dig. ⬚237(6).]

5. APPEAL AND ERROR ⬚1170(10)—REVIEW—HARMLESS ERROR.

Under Court of Civil Appeals rule 62a (149 S. W. x), providing that no judgment shall be reversed for error at the trial unless the appellate court shall be of opinion that the error amounted to such a denial of the rights of appellant as to probably cause the rendition of an improper judgment, where, after eliminating findings by the jury not sustained by the evidence, there still remain findings supported by pleading and evidence which in legal effect entitle appellee to the judgment rendered, the error in submitting the former issue does not warrant reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4066, 4544; Dec. Dig. ⬚1170(10).]

6. APPEAL AND ERROR ⬚1067 — HARMLESS ERROR—SUBMISSION OF ISSUES.

The refusal of a special charge as to contributory negligence was not error, where it as-

sembled practically the same facts which the court authorized the jury to consider by a question submitted for finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ☞1067; Trial, Cent. Dig. § 475.]

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by Mrs. Lizzie Hooper and others against the Houston East & West Texas Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Mrs. Lizzie Hooper was a passenger on appellant's regular passenger train, and as she was alighting from the coach at nighttime at the station of her destination she fell from, or down, the steps of the coach and was seriously injured. She, joined by her husband, brought the suit for damages, alleging that the injuries were proximately caused by the negligence of appellant (1) in failing to provide lights at or near the place of exit from the passenger coach to enable passengers in alighting to see sufficiently the several steps of the coach, (2) in failing to keep the steps of the passenger coach clear of obstructions that would cause passengers to fall, and (3) in negligent failure of the porter and the conductor to assist her to get off the train. The defendant by answer denied any negligence, and pleaded, in a general way, contributory negligence on the part of Mrs. Hooper in alighting from the train. There was a trial before a jury on special issues, and the court, on the verdict of the jury, entered judgment for appellees.

The evidence shows that the train reached Timpson, Tex., between 3 and 5 o'clock on the morning of December 18, 1914. It was a dark morning. When the train stopped at the station, Mrs. Hooper arose from her seat and came to the platform of the coach to alight therefrom, having in her hands a small lady's handbag and a suit case filled with clothes and other articles. As she started down the steps of the coach, she suddenly fell down off the steps, striking her body against the steps, and thereby receiving severe bodily injury. According to the testimony of bystanders, Mrs. Hooper fell by reason of her foot overreaching or overstepping the second step of the coach. According to the evidence of Mrs. Hooper herself, it happened as follows:

"As I started to get off, I stepped on something that rolled under my foot, and of course my foot slipped, and I did not have any way to catch myself, and I fell down the steps. * * * Whatever that was that I stepped on caused my foot to slip or roll from under me, and that caused me to fall. * * * I walked out and could see the step dimly and stepped on the first step, when I stepped on something that slipped or rolled, and that caused me to fall."

There was evidence showing that one light was burning in front of the depot about 90 feet, and one at the baggage platform about 100 feet, from the place provided for passengers to get off and on the train, and that there were lights in the coaches of the train.

The evidence, though, was conflicting respecting whether the lights were bright, and whether they lighted up or reflected on the platform and steps of the coach. There is sufficient evidence to support the finding of fact of insufficiency of light upon or reflected upon the platform and steps of the coach to permit appellee to safely descend the steps. Mrs. Hooper testified:

"I think I remember about the condition out there as to whether it was light or dark. I remember that when I got out in the vestibule it was kind of dark. I could not see objects on the steps around me out there. * * * I could not see very well out there; it was not light. If there were any lights burning at all out there in the vestibule, it was very dim when I got out there. * * * I was being as careful as I could in undertaking to get down those steps and off that train. I would guess that I saw the first step sufficient to put my foot on it. I could tell there was a step there—at least, enough to put my foot on it. I might not could have seen all of the entire steps, but I could see sufficiently to tell there were steps there. * * * I knew there were steps there, or just imagined they were there. I knew that steps were ordinarily on passenger coaches, and where they were located. * * * The lights were not sufficient out there for me to tell how many steps there were, and I do not know how many. * * * I was looking down towards the steps to see if I could see them. I did not see them. Of course, I could see them a little bit, but I could not see them plainly. I could not see them because it was dark out there and the lights were so dim. * * * Both of my eyes are good, and I was using both of them in undertaking to come down those steps."

The jury made answer to the special questions that Mrs. Hooper in attempting to alight from the passenger train at Timpson slipped and fell and was injured by reason of placing her foot, in descending the steps, too far forward on or on the outer edge of one of the steps, due to insufficient light to enable her to see her way down the steps; and that the failure to provide sufficient light at the place was an act of negligence, which was the direct and proximate cause of her injury. The jury further found as a fact that Mrs. Hooper was not guilty of contributory negligence in the manner and under the circumstances of alighting. The evidence supports these findings of fact, and they are here adopted, and the evidence warrants the amount of the verdict.

John T. Garrison, of Houston, and Guinn, Imboden & Guinn, of Rusk, for appellant. W. J. Townsend, Jr., of Jacksonville, W. M. Harmon, of Beaumont, and W. B. O'Quinn, of Lufkin, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] The appellant requested, and the court refused to give, a peremptory instruction to return a verdict for the defendant company; and error is predicated upon the ruling of the court. Appellant bases the contention for error upon the insistence that the petition of appellee, properly construed, seeks recovery only upon the alleged act of negligence in permitting "some hard substance to

be and remain upon the step of its passenger coach," proximately causing her to slip or fall from the steps, occasioning injury; and insists that the evidence fails to establish, as a matter of law, the alleged negligence, for that there is no evidence showing that such obstruction had been upon the step a sufficient length of time for the employés of appellant to have by reasonable care discovered same. It is believed the assignment of error should be overruled. The petition of appellee alleged three distinct acts of negligence, and there was ample evidence to carry the case to the jury upon one of the alleged acts, which was the failure to provide sufficient light to enable passengers to descend the coach steps in safety. And viewing the instruction as asking the court to instruct a verdict only in respect to the alleged act of permitting obstruction on the step, it is thought reversible errors cannot be predicated on the refusal to give such information. The jury made the affirmative finding of fact that Mrs. Hooper did not step on anything in getting off the coach, and that there was no obstruction on the platform to cause her to fall. The legal effect attaching to this finding was to find in favor of the defendant on this particular act of alleged negligence, and it must be assumed that the court gave that legal effect to the verdict, and did not rest the judgment for appellee upon that ground of alleged negligence. Consequently no injury would appear to the appellant by the refusal of the instruction.

[3] By the second assignment of error it is contended that the appellant was entitled to a judgment in its favor on the finding of the jury that plaintiff did not slip upon or fall by reason of an obstruction on the step, because the other findings of the jury respecting the alleged acts of negligence were without any evidence to support them. It is believed the assignment should be overruled. It is not thought that there is insufficient evidence of an insufficiency of light and that such negligence proximately caused the injury. If the want of sufficient light, as appears, to enable the appellee to properly see the steps, caused her, in descending the steps, to place her foot on one of the steps as she did, whether on an obstruction or on the edge of the step, the jury were authorized to find, as they did, that the insufficiency of light was the producing or proximate cause of the injury.

[4] By the third, fourth, sixth, eighth, and thirteenth assignments of error the appellant assails the verdict of the jury in respect to finding negligence proximately causing injury in not having sufficient light to enable appellee to alight safely, as being unsupported by and contrary to the evidence.

It does not appear that appellant made a motion to set aside this finding of the jury, as must be done in order to predicate error on the action of the court in refusing to set it aside. Smith v. Hessey, 134 S. W. 256. And treating the assignments as a refusal of the court to grant a new trial upon the grounds stated, it is thought the assignments should be overruled, for there was sufficient evidence to support the finding of the jury, and the court would not be warranted in saying as a matter of law that there was no sufficient evidence to make an issue for the jury.

[5] The fifth and ninth assignments of error pertain to the findings of the jury on the alleged act of negligence in not assisting the plaintiff from the train. We conclude that, had this been the only act of negligence alleged and proven, the appellee could not, on the record, sustain the recovery. Negligence is not, as a matter of law, in this respect proven. But eliminating these findings as not authorizing a recovery, there still remain findings of fact, supported by pleading and evidence, which in legal effect entitle appellee to the judgment rendered. The error of the court is therefore without injury to appellant, and does not warrant reversal. Rule 62a (149 S. W. x).

[6] The tenth assignment of error complains of the refusal to give a special instruction regarding contributory negligence of Mrs. Hooper in getting off the train. The special charge practically assembled the same facts that the court's question authorized the jury to consider. The court submitted to the jury for finding, "Was the plaintiff Mrs. Hooper guilty of contributory negligence in attempting to alight from the said train in the manner and under the circumstances as she did?" The jury answered, "No." The question as submitted was sufficiently broad enough and enabled the jury to consider all matters properly arising in the evidence. This station was the destination of Mrs. Hooper, and it was her duty to leave the train at that point, and in leaving the train she was required to take her grip with her. If contributory negligence arises at all, it was, as submitted, respecting the manner and conduct of Mrs. Hooper in descending the steps.

The eleventh assignment of error complaining of the action of the court in giving special issues 4, 5, and 6 should be overruled, for it does not appear that "the ruling" of the court was excepted to; and, if it had been excepted to, the evidence made the issues for decision by the jury.

The remaining assignments present no error, and it is concluded should be overruled. The judgment is affirmed.