## TEXAS–MEXICAN RY. CO. v. SUTHERLAND. (No. 5733.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1916.)

1. JUDGMENT ⊙⟲199(1)—ENTRY OF JUDGMENT FOR AMOUNT SUED FOR AFTER VERDICT FOR MORE.

In an action for damages to cattle in transit, where plaintiff sued for $800, but the jury found on a special issue that the damage proved was $817.88, whereupon plaintiff moved the court to enter judgment for the amount sued for, which was done, the court properly granted plaintiff's motion, since where the amount of damages is in excess of that sued for, but not in excess of that proven, it is proper practice to eliminate the excess and enter judgment for the amount alleged, either upon motion of the successful party or upon the court's own motion.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367, 374, 375; Dec. Dig. ⊙⟲ 199(1).]

2. CARRIERS ⊙⟲231 — CARRIAGE OF LIVE STOCK — ACTION FOR INJURIES — JUDGMENT ON VERDICT—SPECIAL ISSUES.

In an action against the initial carrier for entire damage to an interstate shipment of cattle in transit, where plaintiff proved his damages, the issues of negligence and amount of damages were submitted by special issues, to which no objections were made, and the jury, by their answers, found that the damage was caused by the negligence of the defendant and its connecting carriers, finding the damages to be $817.88, it was the duty of the court to enter judgment for plaintiff for the amount found by the verdict, less an amount deducted to con-

form to plaintiff's pleading, and the other special issues submitted were immaterial to plaintiff's right to judgment, so that court properly refused to set aside a finding, as unsupported by evidence, that the amount of damage caused by a connecting carrier was $491.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. ⊙⟲231.]

3. CARRIERS ⊙⟲230(13)—CARRIAGE OF LIVE STOCK—ACTION FOR INJURIES—FINDING OF DAMAGES—DESTRUCTION BY SPECIAL ISSUES.

In an action against the initial carrier for entire damages to an interstate shipment of cattle, where the court submitted special issues which sought to apportion the amount of damage to each of the connecting carriers, none of which were parties, such special issues and the answers thereto could not destroy the specific finding, as to the total damage caused, supported by evidence.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. ⊙⟲230(13).]

Appeal from Jim Wells County Court; L. Broeter, Judge.

Suit by G. W. Sutherland against the Texas-Mexican Railway Company. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

Asher R. Smith and R. L. Bobbitt, both of Laredo, for appellant. Dougherty & Dougherty and H. S. Bonham, all of Beeville, for appellee.

SWEARINGEN, J. This is a suit by appellee, G. W. Sutherland, against the appellant, the Texas-Mexican Railway Company, as the initial carrier for damages to a shipment of cattle transported from Norway, Tex., to the National Stockyards in the state of Illinois.

Appellee alleged that he delivered to defendant seven carloads of cattle, consisting of 182 head, for interstate transportation by defendant and its connecting carriers between the points above named; that defendant and the connecting carriers, in disregard of their duty and through negligence, roughly handled and delayed the transportation of said cattle and failed to deliver them at their destination within a reasonable time, to appellee's injury in the sum of $800. Appellant answered by general and special denials. The case was submitted on special issues to the jury, which found the damage in the sum of $817.88. Upon appellee's motion, judgment was rendered for $800, the amount sued for.

Appellant's first assignment presents the proposition that a verdict in excess of the amount sued for constitutes reversible error, notwithstanding the successful litigant moved to enter judgment for the amount sued for, and that the court granted the motion and rendered the judgment accordingly.

[1] Plaintiff sued for $800 for damages for loss on his cattle caused by negligence and delay in transportation by appellant. The jury found upon a special issue that the damage proved was $817.88. Appellee moved the

court to enter judgment for the amount sued for, $800. Judgment was rendered for $800. The court did not commit error by granting appellee's said motion. Old River Rice Irr. Co. v. Stubbs, 137 S. W. 154; Galveston, etc., Ry. v. Johnson, 24 Tex. Civ. App. 180, 58 S. W. 622; Brown Grain Co. v. Tuggle, 141 S. W. 821; Johnson v. Oswald, 151 S. W. 1164.

Had the petition alleged various items or principal and interest, and the verdict had been in excess of the amount sued for, without showing what items were allowed or what amount was found for principal and what for interest, the court could not find the facts in disregard of the jury's findings; but where the amount of damages is in excess of that sued for, but not in excess of that proven, it is proper practice to eliminate the excess and enter judgment for the amount alleged either upon motion of the successful party or upon the court's own motion.

In H. & T. C. Ry. Co. v. Shults, 90 S. W. 506, and Goggan v. Evans, 12 Tex. Civ. App. 256, 33 S. W. 891, relied upon by appellant, the petitions alleged separate items or principal and interest, and it could not be determined what amount of either the jury allowed.

The first assignment is overruled.

The second and third assignments are disposed of by the same reasons as the first, and the second and third assignments are overruled.

[2] Under the fourth assignment it is contended that the court erred because it refused to set aside the finding of the jury that the amount of the damage caused by one of the connecting carriers was $491. The reason assigned in appellant's motion for setting the finding aside was that there was no evidence to support the finding.

This was an interstate shipment, from Norway, Tex., to the National Stockyards in the state of Illinois. The suit was against the initial carrier, the appellant, for the entire damages. Appellee proved his damage. The issues of negligence and amount of damage were submitted by special issues to which no objections were made. The jury, by their answers, found that the damage was caused by the negligence of appellant and its connecting carriers, and found the damage to be $817.88. Upon these facts found by the jury it was the duty of the court to enter judgment for the plaintiff for the amount found by the verdict (less the amount deducted to conform to appellee's pleading). The other special issues submitted to the jury were immaterial to appellee's right to the judgment.

[3] The court did submit special issues which sought to apportion the amount of damage to each of the connecting carriers, none of which were parties to the suit. Such special issues and the answers thereto cannot be permitted to destroy the specific finding as to the total damage caused, as there was evidence to support the finding of the total damage. City of San Antonio v. Marshall & Co., 85 S. W. 315–318; Texas & P. Ry. Co. v. Eddleman, 175 S. W. 775; H. E. & W. T. Ry. Co. v. Hooper, 184 S. W. 347; Pecos & N. T. Ry. Co. v. Meyer, 155 S. W. 310.

The fourth assignment is overruled.

The judgment is affirmed.