GALVESTON, H. & S. A. RY. CO. v. HOPKINS. (No. 5982.)

(Court of Civil Appeals of Texas. San Antonio. March 6, 1918. Rehearing Denied April 3, 1918.)

1. DAMAGES ⊙═132(9)—PERSONAL INJURIES—EXCESSIVE VERDICT.

Where a railroad switchman suffered injuries necessitating the amputation of his right foot, and three subsequent amputations depriving him of his leg to just below the knee, and his injuries subjected him to great pain through the length of his spine up to his head, affected his bladder, kidneys, and heart, destroyed the lubricating oil in his right knee, subjected him to dizziness, and permanently impaired his health, forcing him to spend many weeks in the hospital, and subjecting him to jumping nerves in his leg and pain in his knee joint all the time, verdict in his favor against the railroad for $20,000 was not excessive.

2. DAMAGES ⊙═128—AMOUNT—FEDERAL EMPLOYERS' LIABILITY ACT—EXCESSIVE VERDICT.

Public policy does not demand that verdict in a railroad servant's action for personal injuries should not be as large as $20,000 on any grounds, though the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657–8665]) is virtually a compensation statute, and fixes liability for defective appliances, regardless of the question of negligence; compensation being the end to be attained, as in any case of negligence.

3. APPEAL AND ERROR ⊙═1039(1)—HARMLESS ERROR—RULING ON PLEADINGS — DAMAGES.

The ruling of a court on pleadings as to damages is harmless, though incorrect, when the matters alleged are not submitted to the jury.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Norville L. Hopkins against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Templeton, Brooks, Napier & Ogden and Ed. W. Smith, all of San Antonio, for appellant. H. C. Carter, Champe G. Carter, Randolph L. Carter, and Perry J. Lewis, all of San Antonio, for appellee.

FLY, C. J. Appellee instituted this suit to recover damages from appellant incurred from injuries inflicted on him, while in the service of appellant as a switchman, by reason of a sill step giving way when he endeavored to get on a moving car. Appellant admitted that the step gave way and threw appellee under the car, and that this foot was so injured that it was amputated, but denied other injuries. Appellant claimed that it had exercised all practicable means to have the step in a safe and secure condition. The cause was tried by jury, resulting in a verdict and judgment for appellee in the sum of $20.000.

[1] The three first assignments of error are devoted to the claim that the verdict is excessive, and are overruled. The evidence

shows that the step gave way, and that appellee's right foot slipped to the ground; that it was caught by the car wheels and so crushed that it had to be amputated. Three other amputations became absolutely necessary and were performed, the last one about one month before the trial. Appellee not only lost his right leg just below the knee, but the lower end of his spine was injured, causing great pain throughout the length of the spine up to the back of the head; his bladder and kidneys were greatly affected, so as to cause a slow loss of urine constantly; his heart was affected so as to have a rapid and weak action, with indications of organic trouble. In addition, his right knee was so injured that the lubricating oil, or synovia, was destroyed, and when used it made a grating sound. The operations were performed by the physicians of appellant, and they treated him for his other injuries. Appellee is subject to dizziness since his injury, and his health is permanently impaired, and he has suffered great agony since March 21, 1916, when he was hurt, and will always be a sufferer. He spent many weeks in the hospital. The operations were very painful, especially the third and fourth. In the fourth, nerves were severed and taken out as far up as the knee. Appellee suffers very much from the nerves jumping in his leg, and his knee joint pains all the time. We cannot hold the verdict excessive.

[2] There is no merit in the argument that, because the federal law is virtually a compensation statute, and fixes liability for defective appliances, regardless of the question of negligence, public policy demands that there should not be as large verdicts as the one in this case. The same test is applied in this case as in any case of negligence in which the law does not designate certain acts of omission or commission as negligence per se. Compensation is the end to be attained in each instance. Appellant, in discussing the question of compensation herein, ignores every injury except the loss of the leg below the knee, and does not notice the mental and bodily suffering of appellee.

[3] The fourth and fifth assignments of error are overruled. The fourth proposition under the fourth assignment is not germane to the assignment, and the others are without merit. The elements of damage, which it is claimed are set out in the petition, were not submitted to the jury. A special charge was given, at the request of appellant, which in effect indorsed the charge of the court on damages, and accentuated the terms thereof. It is too well settled for argument to be advanced that the ruling of a court on pleadings as to damages it without harm, though incorrect, when the matters alleged are not submitted to the jury. Weaver v. Nugent, 72 Tex. 272, 10 S. W. 458, 13 Am. St. Rep.

792; Railway v. Johnson, 24 Tex. Civ. App. 180, 58 S. W. 622.

The judgment is affirmed.