## HARTFORD ACCIDENT & INDEMNITY CO. v. MOORE.

### No. 12390.

Court of Civil Appeals of Texas. Dallas.

Feb. 13, 1937.

Rehearing Denied·March 13, 1937.

Eckford & McMahon, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

JONES, Chief Justice.

This is a workmen's compensation suit, in which George Moore, appellee, is the injured employee. Hartford Accident & Indemnity Company, appellant, is the 'compensation carrier, and Koon-McNatt Storage & Transfer Company is the employer.

In a trial in a district court of Dallas county, to set aside the award of the Industrial Accident Board, and to make an award to appellee, for 100 weeks from the date of his injury for alleged total incapacity, 100 weeks in which appellee alleged partial incapacity to the extent of 75 per cent., and 200 weeks in which appellee alleged partial incapacity to the extent of 50 per cent., a judgment was entered in favor of appellee in accordance with the respective disabilities alleged. From this judgment appellant has duly perfected an appeal, and the following are the necessary facts :-

On October 9, 1935, while working in the scope of his employment, appellee received serious personal injuries. All of the preliminary steps, necessary to clothe the district court with jurisdiction, were taken by appellee, and no question is raised as to this jurisdiction. Appellee alleged that by reason of his injuries, he was total-ly incapacitated for a period of 100 weeks from the date of his injuries; that immediately following this period of total incapacity he would be partially incapacitated to the extent of 75 per cent., for a period of 100 consecutive weeks; that immediately following the expiration of this second period of 100 weeks he would be partially incapacitated to the extent of 50 per cent. for a period of 200 weeks.

The case was tried to a jury and, on the issues that are relevant to this appeal, after finding on special issues Nos. 1, 2, and 3 that appellee sustained personal injuries while working as an employee of Koon-McNatt Storage & Transfer Company, and that such injuries were received in the course of appellee's employment, the jury made the following findings on other special issues:

"No. 4. Do you find from a preponderance of the evidence that plaintiff, George Moore, sustained total incapacity as a natural result of said personal injuries, if any, received by him on or about October 9, 1935? Answer: Yes.

"No. 5. How many weeks of total incapacity, if any, do you find from a preponderance of the evidence that plaintiff, George Moore, suffered or will suffer as a natural result of such injuries, if any, sustained by him on or about October 9, 1935? Answer: 350 weeks.

"No. 6. Do you find from a preponderance of the evidence that George Moore has sustained, or will sustain any partial incapacity, as a natural result of said injuries, if any, received by him on or about October 9, 1935? Answer: Yes.

"No. 7. What do you find from a preponderance of the evidence to be the date of the beginning of said partial incapacity, if any? Answer: July 17, 1942.

"No. 8. How many weeks of partial incapacity, if any, do you find from a preponderance of the evidence that George Moore sustained, as a natural result of the personal injuries, if any, received by him on or about October 9th, 1935? Answer: 150 weeks.

"No. 9. What percentage of partial incapacity, if any, do you find from a preponderance of the evidence, that plaintiff, George Moore, suffered or will suffer, for the period, if any, of partial incapacity you have found in answer to the preceding issues? Answer: 75 per cent."

The jury also found, in response to special issue No. 15, that the average wage of appellee when at work was $3 per day. Appellee's regular working time was 6 days a week.

It will be noted that the jury's finding of 350 weeks of total incapacity is in excess of the total incapacity alleged by appellee, to the extent of 250 weeks. It will be noted further that the jury's finding of 150 weeks of partial incapacity to the extent of 75· per cent., to begin after the expiration of the 350 weeks of total incapacity, is in excess, by 100 weeks, of any incapacity alleged by appellee in his pleading, and is in excess of the maximum statutory allowance for recoverable incapacity by 100 weeks, the jury findings embracing a period of 500 weeks.

■ The trial court received the verdict and granted appellee's motion for judgment on the findings of the jury, and entered judgment for total incapacity for 100 successive weeks from October 9, 1935, the date of injury, at $10.38 per week; for 100 successive weeks immediately following this total incapacity, for a partial incapacity to the extent of .75 per cent. at $7.785 per week; and for the next succeeding 200 weeks, for a partial incapacity to the extent of 50 per cent. at $5.19 per week; and the court treated the remaining 100 weeks of incapacity, found by the jury, as a nullity. If any valid judgment could be rendered on this verdict, the judgment entered by the court is the only such judgment.

It is contended by appellant that, in view of appellee's pleading and the verdict of the jury, calling for an amount much larger than that pleaded, no judgment could be rendered, because, under said pleading, the verdict of the jury cannot be made the basis of any valid judgment.

It is contended by appellee that, as the findings of the jury that incapacity existed for 400 weeks, the total of each form of incapacity allowed by the judgment, the court could make said incapacity found by the jury conform to appellee's pleading, and ignore the excessive amount as to the total incapacity, and as to partial incapacity, and enter judgment for the incapacity alleged by appellee, without doing violence to appellant's rights, and without substituting the court's findings for those of the jury.

It becomes the task of this court to pass upon these respective contentions.

■ This is a case out of the ordinary, in that the findings of the jury in respect to the incapacity suffered by appellee by reason of the injuries he received on the occasion in question is in excess of the incapacity alleged in the petition, and such finding finds ample support in the evidence. If a judgment had been rendered by the court only on the findings of the jury, without regard to appellee's pleading, it would greatly have exceeded the amount called for by the pleading. While the jury found that appellee suffered total incapacity for his injuries for a period of 350 weeks, appellee's petition alleged a total incapacity of only 100 weeks. It is "fundamental that pleading without proof or proof without pleading will not sustain a judgment; and that a judgment in excess of the amount pleaded, though supported by proof, cannot be sustained." Traders & General Ins. Co. v. Lincecum (Tex.Civ. App.) 81 S.W.(2d) 549, 551, and the long list of authorities cited in the opinion.

If the instant judgment had been rendered on a literal compliance with the verdict, it would not have been sustained by appellee's pleading, and would not have been a valid judgment for the amount rendered.

■ In a case submitted on special issues, it is the duty of the jury to find the facts necessary to the entry of a judgment; when the findings on special issues are returned, and received by the court as the jury's verdict, it is the duty of the court to apply the law to these findings of fact and render a judgment with the pleading and findings as a basis. So, in the instant case, when the court received the verdict of the jury, it was the duty of the court to determine under the law what judgment, if any, should be rendered on such findings, and thus apply the law to the facts found. Article 2211 (as amended by Acts 1931, c. 77, § 1 [Vernon's Ann.Civ.St. art. 2211]) declares that, "The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

■ Under the terms of the above-quoted provision of the statute, the first demand made on the trial court is to see that any judgment rendered on the findings of the jury conforms to the pleading. The pleading is for 100 weeks of total incapacity. The finding of the jury is for

350 weeks of total incapacity. As 350 weeks include the 100 weeks pleaded by appellee, the trial court could ignore the excess of 250 weeks in respect to the total incapacity and enter judgment for 100 weeks of total incapacity, thereby conforming both to the verdict of the jury and appellee's pleading; and thereby complying with another demand of the statute, that the judgment must conform to the verdict. This action of the trial court is amply sustained by authorities. As said by 25 Tex.Jur. p. 509, § 118: "Furthermore, although it is true that the judgment should be based on the verdict, yet when the .verdict is excessive, there may be no material error in rendering judgment for the amount authorized. Thus, where the excess awarded was not supported by the pleading, it has been held proper to disregard it in the judgment." This text is supported by the following decisions: Garrett v. Dodson (Tex.Civ. App.) 199 S.W. 675 (writ refused); Texas-Mexican R. Co. v. Sutherland (Tex.Civ. App.) 189 S.W. 983; Galveston, H. & S. A. R. Co. v. Johnson, 24 Tex.Civ.App. 180, 58 S.W. 622; Rich v. Western Union Tel. Co., 101 Tex. 466, 108 S.W. 1152, and other cases cited in the notes to the quoted text in Texas Jurisprudence, supra.

In respect to that portion of the judgment which allows appellee recovery for partial incapacity, to the extent of 75 per cent. for a period of 100 successive weeks, next following the 100 weeks allowed for total incapacity, the court again conformed the judgment to appellee's pleading. Was such portion of the judgment so out of harmony with the verdict as to be in conflict with the rule prescribed by the quoted provision of said statute? We do not think so. The jury found that appellee was totally incapacitated by his injuries for the period of the 100 weeks now under consideration. Certainly, the finding of total incapacity authorized appellee to waive recovery for total incapacity for such period of time, and have substituted the partial incapacity of 75 per cent. therefor, to conform to his pleading. His pleading of such partial incapacity can only be construed as a waiver of the right to recover total incapacity for such period. The controlling question is: Did the jury find that appellee suffered as much as the alleged 75 per cent. incapacity for such period of 100 weeks? The finding of the jury is, that he not only suffered the alleged 75 per cent. incapacity, but in reality

100 per cent. He estopped himself to recover the 100 per cent. incapacity by pleading only a 75 per cent. incapacity, and thus waived recovery for the additional 25 per cent. We think the authorities cited above warranted the court in rendering that portion of the judgment allowing 100 weeks' partial incapacity to the extent of 75 per cent.

Bearing on this question, Chief Justice Gaines, in the case of Rich and Wife v. Western Union Tel. Co., 101 Tex. 466, 470, 108 S.W. 1152, 1154, speaking for the Supreme Court on a somewhat similar question, makes this observation: "But on the other hand, if the allegations of the petition were not sufficient to show a ground of recovery (for items alleged in the petition), then so much of the verdict which gave damages for a cause of action which was not sufficiently alleged should be disregarded, and no judgment should have been rendered thereon." In the instant case, there was pleading to sustain the judgment rendered, and the finding of the jury, though in excess of the pleading, also sustains it. We therefore hold that the court did not err in refusing the excessive finding of the jury in respect to appellee's incapacity. See authorities cited above.

Appellee, in his pleading, alleged 200 weeks of partial incapacity to the extent of 50 per cent. For 150 weeks of this period, the jury found total incapacity, and for the remaining period of 50 weeks found 75 per cent. incapacity. For the reasons above stated, we think the court was warranted in rejecting that portion of the finding that is excessive of appellee's pleading and in rendering judgment for the 50 per cent. partial incapacity. The jury found that the incapacity existed, but placed such incapacity to an extent exceeding appellee's claim, hence, under the above authorities, that portion of the findings in excess of appellee's pleading should have been, as it was, rejected by the court in rendering judgment. Appellee's injuries are the same on each element of damage alleged—that is, the injuries that he alleged caused him to suffer 100 weeks' total incapacity were the same injuries that caused him later to suffer the partial incapacity alleged. Under the proof, he seems to have been mistaken as to the effect of these injuries on his capacity to work, but the findings of the jury clearly show that he was incapacitated, and it would

seem that he alone should have the right to ask for a new trial, because he alone has suffered injury from the judgment not strictly conforming to the verdict of the jury.

As the issues discussed are the only issues raised by appellant's brief, this court is of the opinion that the judgment should be affirmed, and it is so ordered.

Affirmed.