## REPUBLIC UNDERWRITERS v. WARF.

### No. 9973.

Court of Civil Appeals of Texas. San Antonio.

March 17, 1937.

Rehearing Denied April 14, 1937.

Darden, Burleson & Wilson, of Waco, and Cox & Cox, of Beeville, for appellant.

Wade & Wade, of Beeville, for appellee.

SMITH, Chief Justice.

The case arises under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.). George T. Hawkins was the employer, Edd Warf, the employee, and Republic Underwriters, the insurance carrier. The employee was accidentally killed and his widow, Lola E. Warf, recovered compensation from the insurance carrier, which has appealed.

Hawkins, the employer, was engaged in the business of building oil well rigs, and resided and maintained his plant in Beeville. He contracted to set up a rig on a lease near Cuero, about 85 miles from Beeville, to which end he sent one of his rig crews to the lease. The crew consisted of five or six men, of which one Latham was foreman, and Warf a member. Latham had all the authority of the employer over the work and crew of employees, in the absence of the employer, who did not accompany the crews in their work, but remained in Beeville. The employer was obligated by custom, as well as by contract, to furnish transportation to the crews in going to and from their work, wherever it was. This included transportation to and from Beeville whenever the employees had occasion to go there, where the members of the crew had their homes. For this purpose the employer furnished one of his cars to the crew, under charge of the foreman, wherever their work carried them, as well as gas and other supplies for the car.

This particular crew was sent to the lease near Cuero, to set up a rig there. They drove, in the employer's car, down from Beeville, and went to work on a Friday. They worked through Friday and Saturday, and returned to work Sunday morning, but the wind was high, forcing them to abandon the work for the day. Under their foreman's direction, they then

went back to Cuero, where they were stopping, and as some of them were in need of expense money, and as some of their employer's tools had served their purpose, and were ready to be returned .to the storeroom at Beeville, the crew got into their employer's car, under Foreman Latham's direction, and went into Beeville. Arriving there, all the members of the crew alighted and dispersed to their respective homes, except Warf, who was directed by the foreman to accompany the latter in the car to the company plant to there assist the foreman, who was driving, in unloading the tools from the car. On the way to the plant, the car collided with another, and Warf lost his life as a result of the accident.

The conditions under which the members of the crew were employed were such that the employer was obligated to transport the employees to and from/ the job to Beeville, whenever their necessities or convenience required it, including occasions when, in such cases as this, it was necessary that the employees obtain funds from the employer to cover .their personal expenses while on the job, although such advances were charged to the employees.

The question is, whether the injury sustained by Warf was within the contemplation of the statute which provides that compensable injuries "Shall include all * * * injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employé while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Vernon's Ann.Civ.St. art. 8309.

The jury found, under full and correct definition of the term, that, at the time of his injury, Warf was an "employee" as therein defined, and that his injury was "sustained while he was in the course of his employment," as that term was fully and correctly defined in the court's charge. We hold that the evidence sustained those findings, which we adopt as the findings of this court.

■ The cases seem to hold that where, as in this case, transportation is a part of the contract of employment, and the employee sustains accidental injuries while being so transported by the employer, or by the means afforded by the employer for such transportation, the employee will be regarded as within the course of his employment, and such injuries are compensable within the terms of the statute. Western Ind. Co. v. Leonard (Tex.Com., App.) 248 S.W. 655; Federal Surety Co. v. Ragle (Tex.Com.App.) 40 S.W.(2d) 63; Traders' & General Ins. Co. v. Nunley (Tex.Civ.App.) 80 S.W.(2d) 383; Viney v. Casualty Reciprocal Exchange (Tex.Civ. App.) 82 S.W.(2d) 1088.

■ The case presented here has this additional element to show Warf was in the course of his employment when injured. The record supports the implication of the jury finding that the movement of the crew to Beeville was made under the direction, if not actual command, of the employer's authorized foreman, not only for the purpose of conveying the crew to and from their homes at Beeville, as required by their contract, but to convey surplus tools to the plant at Beeville. For this latter purpose, the foreman directed Warf to accompany him and assist him in delivering and unloading those tools at the employer's storeroom. Upon their arrival at Beeville other members of the crew left the car and dispersed to their respective homes, but Warf was ordered by the foreman, and he was required under that order, to remain in the car and accompany the foreman to the plant and there assist in unloading and storing the tools. Certainly, in this activity, Warf was clearly within the scope of his employment, and would be so regarded, even though he should be held to have gone outside that scope while en route to Beeville; certainly he returned' to it when authoritatively ordered by his superior to assist in delivering the employer's tools to their destination, and it was while in the performance of that duty that he was accidentally injured.

■ The trial judge charged the jury that "By the term preponderance of the evidence, as used in the charge is meant the greater weight of credible testimony by either side adduced." In its third proposition appellant complains of this charge, asserting that it was erroneous "in that it should have advised and informed the jury that said term means the greater weight of all the testimony introduced," and that "in determining the questions from a preponderance of the evidence they should take into consideration all of the testimony introduced in the case." It is argued by appellant that the charge was

"a direct instruction to the jury that they are to consider the evidence of the plaintiff as a whole and consider the evidence of the defendant as a whole and determine which of the two parties had introduced the greater weight of credible testimony and then decide the issues from a preponderance of the evidence in accordance with which side in their minds had introduced that degree of proof which the court instructed them was a preponderance of the evidence."

We are of the opinion that the proposition does not present reversible error, and that the charge did not have the effect argued by appellant. It is true the definition was not in the orthodox or conventional form, but it is not conceivable that by it the jury were authorized or induced to not consider, or to disregard, any evidence from whatever source, in determining any issue presented to them. In that connection the jury was further charged that in "forming their verdict" they should answer "from the evidence before you the special issues hereafter submitted to you," and that "you are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony." In the language of our Supreme Court: "We think the charge complained of, when properly construed, and especially in the light of the specific instruction to the jury that they were the sole judges of the credibility of the witnesses, and the weight to be given to their testimony, was not misleading." Barnhart v. Kansas City, etc., Railway Co., 107 Tex. 638, 184 S.W. 176, 177. We overrule appellant's third proposition.

In its fourth and fifth propositions appellant complains of the refusal of the trial judge to grant appellant's motion for new trial, based upon the ground that appellee's adult children, and the decedent's sister, were necessary parties to the suit. We overrule the propositions. Under the evidence in the case, neither of the persons named was a necessary or proper party to the suit, and the court did not err in said ruling.

In his charge to the jury the trial judge defined the term "employee," and submitted to them the issue of whether Warf was "an 'employee' as the term is hereinbefore defined," of Hawkins, the employer, at the time of his injury. Appellant complains that the issue, so submitted, was error because duplicitous, in that it submitted two distinct issues, first, was Warf an employee, and, second, was he engaged in the scope of his employment when injured? We overrule appellant's contention, presented in its sixth, and last, proposition. That Warf was an employee at the time was conclusively shown, and is not questioned in the record, and that question did not constitute an issue requiring separate submission. The only issue submitted in the question was whether Warf was engaged within the scope of his employment.

The judgment is affirmed.