**FEDERAL UNDERWRITERS EXCHANGE v. POPNOE et al.**

**No. 3903.**

Court of Civil Appeals of Texas. El Paso. Feb. 23, 1940.

Rehearing Granted April 11, 1940.

Remittitur Allowed May 16, 1940.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for plaintiff in error.

Benbow, Saunders & Holliday, of Dallas (Claude Williams, of Dallas, and Charles Crenshaw, of Houston, of counsel), after filing brief withdrew from the case.

John J. Watts and J. B. Cotten, both of Crane, for defendants in error.

PRICE, Chief Justice.

This suit was instituted in the District Court of Crane County, Texas, by defendant in error Popnoe to set aside the award of the Industrial Accident Board. The parties for convenience will be referred to here by the designation they bore in the trial court. The case was submitted to a jury on special issues. Verdict was returned and judgment was entered thereon in the sum of $5,019.76 against plaintiff in error, defendant there, as the insurance carrier. Motion for a new trial was overruled and defendant duly perfected writ of error to this court.

By the verdict it was established that on January 24, 1938, plaintiff, an employee of the Morgan Construction Company, suffered accidental injury while acting in the course of his employment; that as a result of such injury he suffered total permanent incapacity; such incapacity commenced on the 24th day of January, 1938. Further, that he was entitled to a lump sum settlement and that $4.50 was a daily wage that would be fair alike to plaintiff and defendant.

The evidence established beyond dispute that at the time and on the occasion alleged plaintiff suffered, in the manner alleged, an accidental injury.

There was a conflict in the testimony as to the extent and effect of such injury. Plaintiff's pleading sets up numerous injuries to the vertebrae of his spine, his head, hips and shoulders, and that as a result thereof he suffered total permanent incapacity. The evidence indisputably establishes that his shoulder blade was fractured.

Plaintiff was a truck driver for the Morgan Construction Company and in the course of his employment drove up on a ramp and the truck fell from the ramp and turned over and thereby he was injured. He was immediately taken after the accident to the office of Dr. Cooper, where an X-ray disclosed the fracture of the shoulder blade.

Special issue No. 1, submitted to the jury, is as follows: "Do you find from a preponderance of the evidence, that the plaintiff, T. C. Popnoe, sustained an accidental injury as alleged in his petition, on or about January 24, 1938?"

Complaint is made as to the form of this issue in substance as follows: (1) That it delegated to the jury a construction of plaintiff's pleading, which was a matter of law for the court; (2) the same is too vague, indefinite and uncertain, in that it does not confine the jury to those particular injuries pleaded by plaintiff.

Plaintiff unquestionably, upon the establishment of one or more of the accidental personal injuries alleged in his petition, had the legal right to have the extent, effect and duration thereof submitted to the jury. There might likewise be an issue as to whether or not the personal injury or injuries were sustained in the manner alleged by plaintiff. If this was an issue under the facts it should have been submitted to the jury. Let us assume that an affirmative answer might have been returned by the jury on the theory of a personal injury other than one or more of the injuries alleged in the petition and considered whether or not defendant was thereby prejudiced.

Special issue No. 1 has been set out. No. 2 was as to whether plaintiff was an employee of the assured, and No. 3 as to whether, when the injury was sustained, plaintiff was acting in the course of his employment.

In our opinion issues one, two and three submit matters as to which the evidence was undisputed. The findings are in accordance with the undisputed evidence. An error in the form of the submission of these issues was harmless.

Issues as to the personal injury should, of course, be confined to the injury specifically pleaded by the plaintiff. Traders' & General Insurance Co. v. Low, Tex.Civ.App., 74 S.W.2d 122. A more serious question would have arisen had defendant's objection to issue No. 1 been addressed to special issue No. 4, submitting the result of the accidental personal injury. In No. 4 the result of any and all personal injuries received on January 24, 1938, might have been considered. If such complaint was made in the exceptions to issue No. 4 it is not briefed here.

■ In a proceeding under the Workmen's Compensation Act (Vernon's Ann. Civ.St. art. 8306 et seq.), seeking compensation for general injuries as distinguished from specific injury or injuries, one or more of the injuries alleged being established, an issue is found which in part conditions the right to compensation. This is an ultimate issue, or part at least of an ultimate issue. The effect and extent of the injuries are submitted in other issues and condition the amount of the compensation. It cannot be that where multiple personal injuries are alleged in the petition that each specific injury as to which the evidence raises an issue must be submitted separately. Such a submission is not made in the ordinary personal injury cases. There the character, nature and result of the personal injuries are submitted in issues as to damages. In the ordinary workmen's compensation case where general injury is in question the result of the injury on the capacity to earn wages is the inquiry. The combined result of all the injuries alleged and proved is the end sought. Texas Employers' Ins. Co. v. Clack, Tex.Civ.App., 112 S.W.2d 526; Id., Tex.Com.App., 132 S.W.2d 399.

■ In connection with the submission of the issue as to the result of plaintiff's injury as to the duration of the result of plaintiff's injury the court defined the word "permanent" as follows: "Permanent, as used in this charge, is meant throughout the lifetime of the plaintiff, T. C. Popnoe." Defendant objected to this definition for the reason same was too broad and did not take into consideration its defensive theory, an element of improvement. The issue as to permanency of the incapacity followed immediately after the issue as to total incapacity. It is conceded that the definition of total incapacity as given was correct. If we substitute the definition of total incapacity for the term, we think it is demonstrated that there was no injury to defendant. With the definition inserted the finding would be that for the remainder of his life plaintiff was disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment. This we think is all that is required to establish total permanent incapacity. Lloyds Casualty Co. of New York v. Grilliett, Tex.Civ.App., 64 S.W. 2d 1005.

In our opinion the form of the issues submitted on behalf of the plaintiff properly placed the burden of proof. Houston & T. C. Ry. Co. v. Stevenson, Tex.Com. App., 29 S.W.2d 995.

■ By assignments of error Nos. 5 and 20 the definition given by the trial court of partial incapacity is assailed. The statement under the proposition does not show by reference to the transcript what objections were urged by defendant to this definition. In view of the fact that the defendant's exceptions to the court's charge compose about fifty pages of the transcript, we do not feel that we are required to read same to ascertain what objections were made to the charge. The assignments are overruled. However, in the case of Fidelity Union Casualty Co. v. Munday, Tex.Civ.App., 26 S.W.2d 676, 682, Justice Vaughan, when he said, "We therefore hold the meaning of 'partial incapacity,' as used in said statute, to be a lack of physical power in part only, or physical inability in part only of an injured member," was referring to Section 12 of Article 8306, which applies to specific injury. In the case of Traders & General Insurance Co. v. Wright, Tex. Civ.App., 95 S.W.2d 753, 755, there is given a definition of partial incapacity as applied to general injuries. This case reached the Supreme Court (Wright v. Traders & General Ins. Co., 128 Tex. 172, 123 S.W.2d 314, loc. cit. 317), and there the holding of the Court of Civil Appeals approving the definition as given by the trial court was approved.

Special issues numbers 22, 23 and 24, with the findings of the jury, were as follows:

"Special Issue No. 22. Do you find from a preponderance of the evidence that the plaintiff's disability, if any, was not prolonged or plaintiff's recovery, if any, was not retarded, due to the failure of the plaintiff, if any, to follow the advice and instructions of Dr. James L. Cooper, as alleged?

"Answer: 'Plaintiff's disability was so prolonged and his recovery retarded' or 'Plaintiff's disability was not so prolonged and his recovery was not so retarded.'

"Answer: Plaintiff's disability was not so prolonged and his recovery was not so retarded."

"Special Issue No. 23. For how long a period of time, if any, do you find from

a preponderance of the evidence, that the plaintiff's disability, if any, was not prolonged as a result of the failure of the plaintiff, if any, to follow the advice and instructions of Dr. James L. Cooper, as alleged?

"Answer in number of weeks, if any.

"Answer: Not any."

"Special Issue No. 24. What percentage of the plaintiff's disability, if any, do you find from a preponderance of the evidence was not the result of the plaintiff's failure, if any, to follow the advice and instructions of Dr. James L. Cooper, as alleged?

"Answer in terms of per cent, if any, using one hundred per cent (100%) as a basis of calculation.

"Answer: 100%."

On motion of the plaintiff the court set aside the finding of the jury as to special issue No. 23. Defendant had pleaded in great detail that plaintiff had wilfully and deliberately refused to follow the directions of the doctor and refused to accept medical treatment, and thereby his recovery was retarded and disability, if any, prolonged. The testimony of Dr. Cooper in a measure tended to support this allegation. The issues as to whether plaintiff did or did not refuse to follow the advice of Dr. Cooper were not submitted to the jury.

Let us first attempt to construe these findings to determine, if possible, just what the finding on 23 means. No. 22 amounts to a finding that plaintiff's disability was not prolonged by failure to follow the advice and instructions of Dr. Cooper, and further that his recovery was not retarded by any such failure. No. 24, that plaintiff's present disability was not the result in any degree of a failure to follow the advice and instructions of the doctor. In substance plaintiff in his testimony denied such failure. In form issue No. 23 is confusing. The manner the jury were directed to respond thereto does not add to its clarity. What we think was really intended to be submitted by the issue was, whether or not there was a prolongation of the disability by reason of such failure, and if so to fix the period thereof. The response does not attempt to fix any period. In our opinion the true construction thereof is a finding that there was no such period of prolongation by such means, this construction is reinforced in a great measure by the finding as to

22 and 24. In the construction of a verdict the findings should be harmonized, if possible, so as not to conflict. 41 Tex.Jur. p. 1224, sec. 360.

To give the literal construction adopted by defendant as to issue 23, it simply amounts to this: that the jury, by a preponderance of the evidence, did not find that the acts or omissions of plaintiff were without effect as to plaintiff's disability or incapacity. It must be borne in mind, too, that such failure on the part of plaintiff was not established by the verdict. Concede that the finding is susceptible of the literal construction insisted upon by defendant, then let us see what is the legal effect thereof. Paragraph three of Section 1 of Article 8306, R.S., is in part, "But such employer may defend in such action on the ground that the injury was caused by the willful intention of the employé to bring about the injury." By "wilful intention" we think is meant something more than negligence—something more than mere voluntary actions. It means, we think, action or non-action with the specific and wrongful intention to produce or aggravate an injury already existing—produce or aggravate for the purpose of collecting compensation. 4 A. L.R. 116; 119 A.L.R. 1413; Indemnity Ins. Co. v. Scott, Tex.Civ.App., 278 S.W. 347.

In our opinion the mere fact that the court set aside the finding before rendering the judgment is of little import. The correct judgment was entered on the verdict.

Special issue No. 8 was as follows: "How many weeks, if any, do you find from a preponderance of the evidence that the total incapacity, if any, of the plaintiff, T. C. Popnoe, continued, if it did, or will continue, if it will, from the date said injury, if any, was sustained?"

The jury responded thereto, "Rest of his life." It is to be noted that the point fixed for the beginning of the period or periods to be fixed was the date of the injury. The jury were not directed as to the form of their answer. Several possible conditions were submitted from which they were to make their selection. Responsive answer could only be made by fixing a period of time to commence with the injury. The correct construction of the finding is, that from the date of the injury for the rest of his life the plaintiff would continuously suffer total incapaci-

ty. If the issue was multifarious, the response thereto was single. After all, however, there was only one finding sought by the issue—that was as to the duration of the total incapacity from the date of the injury. The issue might have been presented more clearly, but it does not conflict with any of the other findings but is in harmony with them. It was not a defensive issue. Even if it be construed as multifarious, the other issues properly submitted sustain, independent of No. 8, the right of plaintiff to recover for total permanent incapacity. See Traders & General Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540; Texas Employers' Ins. Assn v. Clack, Tex.Civ.App., 112 S. W.2d 526; Traders & General Ins. Co. v. Snow, Tex.Civ.App., 114 S.W.2d 682.

█ Plaintiff sought to recover compensation under subsection one of Section 1 of Article 8309, R.S., and, in the alternative, under subsection two thereof, averring under one and two his average weekly wage base was $16.15 per week. In case it was found that neither subsection one nor two be applicable, that his wage rate be fixed in accordance with subsection three at such amount as the court may deem just and fair to all parties hereto. Immediately following this the petition, alleges: "In this connection plaintiff says and will show unto the court that his weekly wage rate of $16.15 and compensation rate of $9.69 per week are rates in accordance with his previous earnings and in accordance with all of the facts and circumstances, which is just and fair to all parties hereto."

We believe a fair construction of this pleading is that plaintiff sought recovery on a wage base of $16.15 per week. This being true, it marks the maximum of the amount that he might recover under his pleading. It follows that the judgment rendered was not supported by the pleading for the excess over the compensation base alleged.

█ The findings of the jury excluded subsections one and two of Section 1, Article 8309. Under the findings and evidence the basis of plaintiff's compensation was governed by subsection three of Section 1 of said article. In order to determine the basis for compensation the court submitted issue No. 18, which was as follows: "From a preponderance of the evidence what sum of money do you designate, if any, as the average daily wage of the plaintiff, T. C. Popnoe, which you deem just and fair to both parties, plaintiff and defendant?"

The jury found $4.50 as the average daily wage. The form of this issue was assailed by the exceptions of defendant in substance on the ground that it was not a proper issue to be submitted under subsection three of Section 1 of Article 8309, in that it did not conform to such law, and any answer would be insufficient to predicate a judgment in favor of plaintiff. We take it that the objection is entitled to the construction that the issue did not submit the ultimate issue under subsection three. Subsection three is as follows: "When by reason of the shortness of the time of the employment of the employé, or other employé engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties."

It will be observed that the board is empowered to compute the average weekly wages in any manner which may be just and fair to both parties. The governmental agency charged with the administration of the law is to select its own method of determining the fact. There is this limitation on the power: that the method selected must be just and fair to both parties. Subsection three, however, is not entirely independent of subsections one and two, for the average weekly wages to be computed are the average weekly wages as above defined. This further limitation, we think, might be added: the manner of determination selected must be reasonably adapted to and achieve the end sought; that is, an average weekly wage fair alike to both parties. Where the issues are to be tried before a jury that body has the function of determining the basis of their action.

In case of general injuries the purpose of the law is to compensate in a measure at least for lost capacity to earn money. In the ordinary case the standard is the capacity to earn money during the year elapsing next prior to the injury. Under subsections one and two the standard is fixed in a large measure by what the claimant actually earned in such year or by what another employee of the same class

earned in such year in the same or similar employment in the same or neighboring place. Under subsections one, two and three the ultimate issue is the same. One and two define the way to arrive at the solution of the issue. The way is undefined in subsection three. The board or the jury is left, in a measure at least, free to select the mode.

Issue No. 18 inquired as to the daily wage of plaintiff to be fixed in a way deemed just and fair to both parties. This daily wage is not limited to any employment or to any time, and not even to the average daily wage. If compensation is to be arrived at by multiplying the daily wage fixed by three hundred, the jury are not left at liberty to select the manner of arriving at the average weekly wage. A mode is adopted that, while not forbidden by law, is not thereby prescribed. In our opinion the assignment presents reversible error.

In the absence of the existence of the condition contemplated in one and two, there is no legal basis for the calculation of an average daily wage.

In order to illustrate the ideas expressed the writer shall attempt to formulate an issue which, in his opinion, would have submitted the ultimate issue as to average weekly wages under this case. It is thought that perhaps it may be applicable to the issue under subsection three in the ordinary general injury case. Why would not the following be a proper formulation of the issue?

"What sum do you find from a preponderance of the evidence would fairly represent the average weekly wage plaintiff had the capacity to earn as a truck driver, if he had been continuously employed as such for the year elapsing next prior to the date of his injury?

"The court directs you as follows in reference to the above issue: You will arrive at the solution thereof in any manner that may seem just and fair to both plaintiff and defendant."

The above is not to be taken as a direction to the trial court on retrial, but is merely formulated in the hope it may in a degree help to clear up a rather confusing and difficult matter.

In the case of Traders & General Insurance Company v. O'Quinn, Tex.Civ. App., 111 S.W.2d 859, the form of the issue submitting average weekly wages under three is set forth. The formulation of the issue there, we think, is admirable. Writ of error was denied in that case. The issue as formulated there has this great advantage over the issue as formulated here; namely, that it has met at least with the implied approval of the Supreme Court.

The case is reversed and remanded.

### On Motion for Rehearing.

We have carefully considered the motion for rehearing of the plaintiff, but still adhere to the views expressed in the original opinion. However, plaintiff has tendered remittiturs herein, the first in an amount sufficient to reduce the judgment to the amount in his petition. In our opinion this is insufficient to render harmless the error for which the case was reversed. In the alternative, if the first remittitur tendered is deemed insufficient, a remittitur in such an amount as to allow compensation at the minimum rate of $7 per week is made. The exact amount of the remittitur is not stated, we believe.

The case was reversed and remanded on account of error in the submission as to the compensation base. In the event the minimum is allowed we can see no just ground for complaint by the defendant.

It is ordered that in the event plaintiff files, within twenty days from this date, a remittitur in a sum sufficient to reduce the judgment as above indicated, the same to be in a definite sum, that the former judgment reversing and remanding this cause be set aside, and same be affirmed. If such remittitur is not filed within the time aforesaid, plaintiff's motion for rehearing be overruled.

### Remittitur Allowed.

Defendant in error having filed his remittitur in the sum of $2,245.70, in accordance with the opinion on rehearing, it is ordered that the previous judgment reversing and remanding this cause be set aside, and that the judgment of the trial court be modified and affirmed, with the remittitur of the said sum of $2,245.70 of the judgment of the court below.