# FEDERAL UNDERWRITERS EXCHANGE v. PORTERFIELD.

## No. 4236.

Court of Civil Appeals of Texas. Beaumont.

June 29, 1944.

Rehearing Denied Sept. 21, 1944.

Charles S. Pipkin, of Beaumont, for appellant.

K. W. Stephenson, of Orange, for appellee.

MURRAY, Justice.

This is a suit for compensation under the Workmen's Compensation Law. In the trial court the plaintiff, James Porterfield, the appellee here, recovered judgment for total and permanent disability in a lump sum, against Federal Underwriters Exchange, appellant, as insurance carrier for Peavy-Moore Lumber Company.

Porterfield was injured in a wreck while riding in a truck of Peavy-Moore Lumber Company on the highway between Orange and Beaumont, November 5, 1942. While the evidence is conflicting, it is sufficient to support a finding that he had been employed the day before by the Peavy-Moore Lumber Company and was at the time of the wreck on his way to the woods where the truck was to be loaded with logs. In the wreck, his head was thrown into the windshield and he was injured about the head and forehead, and also in the back. After hearing the usual conflicting expert testimony as to the extent of plaintiff's injuries, the jury found that he had suffered total and permanent disability.

In the charge of the court the following special issue was included:

"Special Issue No. 10. Do you find from a preponderance of the evidence that the incapacity, if any, sustained by plaintiff has not been or will not be partial? Answer 'It has not been or will not be partial', or 'it has been or will be partial.' "

To this issue the jury answered: "It has not been or will not be partial."

The insurance carrier, defendant in the trial court, made no objection to this particular form of submission of the issue of partial incapacity.

Plaintiff below in his pleadings alleged that $23.07 would be just and fair to both parties to the suit as his average weekly wage. The jury found, in answer to an issue, that his average weekly wage was $24. In its judgment, the court rendered judgment for the plaintiff, appellee here, for compensation based upon the average weekly wage of $23.07.

Plaintiff relied upon Section 1, subsection 3 of Article 8309, Revised Civil Statutes of 1925, for the method of computing his average weekly wage rate, and his attorney of record testified, over objections, that he had made inquiry and that he was unable to find or learn of anyone that worked in the same or a similar line of employment as Porterfield for substantially the whole of the year before the injury in the same vicinity or neighboring place. This was the only testimony introduced upon that issue by plaintiff, and no testimony was offered by defendant thereon.

The appellant now complains in its 1st, 2nd, 3d, 4th, 5th and 6th points that it was error for the court to enter judgment upon finding of the jury in answer to special issue No. 10; it complains in the 7th point of the action of the court in submitting the issue of average weekly wage rate on the ground that the evidence was insufficient to raise such an issue.

In its 8th point, it complains of the action of the trial court in rendering judgment upon an average weekly wage of $23.07, whereas the jury in its verdict had found such weekly wage rate to be $24.

The appellant by its 9th, 10th, 11th and 12th points complains of that portion of the judgment of the court which is based upon a weekly wage rate of $23.07.

In its 13th and 14th points, the appellant maintains that the evidence is insufficient to support the jury's finding that Porterfield was an employee of Peavy-Moore Lumber Company, and that Porterfield was injured in the course of such employment.

■■ We overrule the contentions of the appellant in regard to special issue No. 10, quoted above, its manner of submission and the answer of the jury thereto. No objection was made by the appellant to the court's manner of submission of the issue. The question of partial incapacity was a defensive issue, interposed at the trial by the appellant, and partial incapacity was not relied upon by the appellee in his pleadings as a ground for recovery. It can hardly be doubted that had the jury's answer been the other alternative submitted in the charge, i. e. "it has been or will be partial," the appellant would have justly maintained that such a finding was in its favor on the question of existence of partial incapacity. We find no error in the submission and the entry of judgment based upon such finding. Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280.

■■ We find no merit in the contentions of appellant in its 7th, 9th, 10th, 11th and 12th points in regard to computation of the average weekly wage rate. Where there is no real controversy over the wage rate in the trial court, very slight evidence is sufficient to discharge the burden incurred by the party seeking compensation in showing that his wage rate should be computed under subsection 3. In this case the appellee, plaintiff below, testified that he had only worked one day and that he had not worked for substantially a year himself. His attorney testified that he had made inquiry and was unable to learn of anyone else in that vicinity who had done so in the same or a similar line of employment as appellee. In the absence of any real controversy this is sufficient. Service Mutual Ins. Co. v. White, Tex.Civ.App., 138 S.W.2d 273; American Surety Co. of N. Y. v. Underwood et al., Tex.Civ.App., 74 S.W.2d 551; Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W. 2d 1031; Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W.2d 972.

■ There was no error on the part of the trial court in entering judgment based upon an average weekly wage rate of $23.-07, notwithstanding the jury's finding of $24.00 for such rate, the pleadings of the plaintiff in the trial court having limited his recovery to $23.07 as his average weekly wage rate. Maryland Casualty Co. v. Sledge, Tex.Civ.App., 46 S.W.2d 442.

■■ We overrule the appellant's contentions in its 13th and 14th points. The evidence was conflicting as to whether or not the appellee was an employee and was working in the course of his employment when injured. The bookkeeper of the appellant testified that appellee was paid for

one day's work for November 5, 1942, the day of the injury. He was given a medical examination and directed to report for work. The verdict of the jury in finding that appellee was an employee and was injured in the course of his employment, finds sufficient support in the testimony, and such finding will not be disturbed on appeal.

The judgment of the district court is affirmed.