EMPLOYERS REINSURANCE CORPORA-
TION v. JONES.

No. 4363.

Court of Civil Appeals of Texas. Beaumont.
April 18, 1946.

Rehearing Denied July 10, 1946.

H. L. Edwards, of Nacogdoches, for appellant.

Collins, Dies, Williams & Garrison, of Lufkin, and Jack McLeroy, of Center, for appellee.

MURRAY, Justice.

This is an appeal from a judgment in the district court of Shelby County in favor of appellee and against appellant in a workman's compensation case.

The case was tried to a jury and resulted in a verdict wherein the jury found in response to special issues that Jones, appellee, suffered an injury while in the course of his employment; that such injury resulted in incapacity to labor; that such incapacity was total for a period of 12 months, beginning on the date of the injury; that such incapacity was partial to the extent of fifty per cent for the rest of his life, beginning on the date of the termination of his 12 months total incapacity; that his "injuries" were confined to his left leg below the knee.

In the course of the trial it was stipulated by the parties that the "sum and amount of $24.00 was a sum which is fair and just as between the parties to be fixed as the average weekly wage of N. D. Jones." The appellee in his pleadings, including his original petition, and first and second amended original petitions, had alleged that $12 per week was his average weekly wage and had prayed for compensation at the minimum rate of $7 per week.

On the findings of the jury and the stipulation, the court entered judgment for appellee for compensation for 52 weeks at the rate of $14 per week (60% of $24) and for 118 weeks at the rate of $7.20 per week (60% of $12, which is one-half of $24) for 118 weeks, and for $7.50 per week for 130 weeks, all with interest on the matured portion of the amounts awarded. The court also sustained the motion of the appellee to render judgment for him non obstante veredicto as to the jury's finding that his injuries were confined to the left leg below the knee. The appellant's motion for new trial was overruled and it has duly perfected its appeal to this court.

Appellant's first, second and third points in various ways challenge the sufficiency of the evidence to show that the appellee received his injury in the course of his employment with the Frost Lumber Industries, Inc. From the evidence it appears that the appellee Jones went to work for Frost Lumber Industries, Inc., in August, 1942, as a log cutter in the woods; that he went back and forth to the woods on a log truck in the morning and back from work in the evening on a log truck; he was hired as an extra log cutter and on some days would work and on some others he would not, depending on his employer's need for his services; that in most instances he did not know whether he was to work or not until he went out to the woods front; that on the morning of September 4, 1942, the day when he was injured, he went out to the woods front to work if his foreman needed him, riding out on one of the log trucks customarily ridden by him; on arriving there he learned that he would not work that day; he then set out to find a log truck going back into town and secured a ride on a truck owned by one Richards, driven by another person, Sammie Richardson; the appellee undertook to help Richardson finish loading logs upon his truck in order to ride with him back to town and while doing so a log fell on his leg and broke his ankle; that Richards was using his truck to haul logs for Frost Lumber Industries, Inc., and that under

his agreement with that concern he was to transport Frost Lumber Industries' woods employees to and from the woods. The appellant raised this issue by motion for an instructed verdict, which was presented on the ground that from the evidence the appellee was not an employee of Frost Lumber Industries, Inc., when he received his injury, that if he was employed by anybody when he was injured, he was employed by Richards and that Richards was an independent logging contractor, and that since the appellee was employed as a log cutter he did not receive his injury in the course of such employment but while loading a log truck. The authorities seem to be in agreement that where transportation is a part of the contract of employment and the employee sustains accidental injury while being so transported by the employer or by means afforded by the employer for such transportation, the employee will be regarded as within the course of his employment and such injuries are compensable within the terms of the Workmen's Compensation Statute, Vernon's Ann.Civ.St. art. 8306 et seq. Republic Underwriters v. Warf, Tex.Civ.App., 103 S.W.2d 871; Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63. On the authority of these cases, and cases cited therein, we believe that no error is presented by the appellant by its first three points.

■ By its fourth point, appellant complains of the action of the trial court in submitting to the jury, over its objections, special issues Nos. 9, 11 and 12, which issues inquired of the jury whether appellee had suffered any partial incapacity following his period of total incapacity, and if so for how long and to what degree. The appellant vigorously asserts that there is no evidence which warrants the submission of these issues nor which supports the answers of the jury thereto. The jury found that the appellee had suffered partial incapacity of 50 per cent for life after his period of total incapacity. The appellee and his father both testified in detail about the injury he had received, as to where it pained him and how long he went without being able to work and the appellee ex-

hibited his ankle and leg to the jury on the trial. There was also other testimony concerning the injury and incapacity. It is true that no medical expert gave testimony as to his estimate of the nature and extent of the appellee's injury, but such testimony is not necessary in order that the injured workman may be entitled to a judgment for compensation when sufficient lay testimony has been received in the case. Western Casualty & Surety Co. v. Mueller, Tex.Civ.App., 169 S.W.2d 223. The duration and extent of disability resulting from injury is at best an estimate which must be determined by a jury from all the pertinent facts before it. Appellant's fourth point is overruled.

■■ Appellant's fifth point complains of the action of the trial court in disregarding the jury's finding in answer to special issue No. 31, that the appellee's injuries were confined solely to his left leg below the knee. Appellant says that because of such findings the appellee was entitled only to compensation for a specific injury for 125 weeks and not for a general injury as was awarded in the judgment. Because of the fact that the jury's finding was in regard to "injuries" and not incapacity or disability, we overrule this contention. There was a great deal of evidence before the court and jury to the effect that the appellee's disability extended to his leg and hip and other parts of his body, but no issue in regard thereto was submitted and none was requested. The appellee did not bring his suit for compensation for a specific injury but rather sued for compensation for a general injury. The appellant by its pleading asserted that any injury received by the appellee was confined solely to his left leg and that no other parts of his body were affected. Since the appellant had pleaded this issue the burden was upon it to secure its proper submission to the jury in the charge. Rule 279, Texas Rules of Civil Procedure. Since the evidence was sufficient to support the jury's finding of a general injury the trial court did not err in rendering judgment based upon a general injury.

■ Appellant's sixth point complains of the action of the trial court in rendering

judgment based upon a weekly wage rate of $24, which was in excess of the amount pleaded and prayed for by the appellee. The appellee alleged a weekly wage rate of $12 and prayed for judgment based upon the minimum of $7 per week. The court gave judgment for the 52 weeks of total disability at $14.40 per week, which was 60% of the $24, and entered judgment for $7.20 per week for 118 weeks and $7.50 per week for 130 weeks. The appellant's contention must be sustained. In a compensation proceeding the compensation of the employee can not be computed on a basis of a wage greater than that pleaded by the employee, notwithstanding the fact that the jury found the wage earned was greater than that pleaded. Traders & General Ins. Co. v. Lincecum, Tex.Civ.App., 81 S.W.2d 549; Hartford Accident & Ind. Co. v. Moore, Tex.Civ.App., 102 S.W.2d 441; Home Life & Accident Co. v. Corsey, Tex.Civ.App., 216 S.W. 464; Federal Underwriters v. Popnoe, Tex.Civ.App., 140 S.W.2d 484. The stipulation of $24 per week relied on by the appellee can not be of advantage to him in this respect except that it relieved him of the burden of making proof of a wage rate up to the pleaded amount of $12 per week. In determining what amount was pleaded by the appellee as his wage rate we must look to the entire petition and not merely to the prayer as was determined in American Employers Ins. Co. v. Due, Tex.Civ.App., 166 S.W.2d 160, and cases cited therein; Maryland Casualty Co. v. Sledge, Tex.Civ.App., 46 S.W.2d 442; Federal Underwriters v. Porterfield, Tex.Civ.App., 182 S.W.2d 847. Applying this rule, we believe appellee pleaded a weekly wage rate of $12. We can not agree with the contention of the appellee in answer to appellant's sixth point, that the stipulation had the effect of rendering the pleading immaterial. He takes the position that the Rule to be applied here is the well established rule that where issues not raised by the pleadings are tried by express or implied consent of the parties, they can be considered as if raised in the pleadings, and further relies upon Rule 67 of Texas Rules of Civil Procedure for his contention that an amendment to his petition was unnecessary.

We think when parties stipulate as to a wage rate which is in excess of the wage rate pleaded by the employee, the situation differs from that in which parties try out by opposing testimony an issue not raised by the pleadings. The pleading of the appellee set the limit on the sum which could be found to be the weekly wage rate, regardless of stipulations or proof. Under the testimony, the verdict and the stipulation, we believe the trial court should have rendered judgment for the appellee for 52 weeks total disability for 60 per cent of $12, or $7.20 per week; for 300 weeks 50 per cent partial disability for 60 per cent of the difference between the appellee's average weekly wage before he was injured and the average weekly wage earning capacity after he was injured, which would be 60 per cent of $6, or $3.60 per week. As to the allowance of compensation for the maximum 300 weeks, instead of only 248 weeks as awarded by the court, see Texas Employers Ins. Assn. v. Reed, Tex.Civ.App., 150 S.W.2d 858.

Appellant's seventh point merely asserts that the court erred in rendering judgment based on conflicting answers of the jury. The authorities and arguments submitted under this point we believe to be a repetition of the matters covered in the preceding points which have been discussed. This point is overruled.

The judgment is reformed to award appellee compensation for 52 weeks at $7.20 per week, and for 300 weeks at $3.60 per week, and as reformed it is affirmed.

On Appellant's Motion for Rehearing.

In the original opinion in this cause the judgment of the trial court in favor of the appellee was modified and affirmed. The appellant has filed an able motion for rehearing, urging that the undisputed evidence is conclusive that Jones, the appellee, did not receive any injury in the course of his employment. It points out that Jones was not injured while being transported from work but that he was injured while helping load a log truck on which he intended to ride home from work. We have again examined the statement of facts. The appellee Jones testified that the woods foreman of his employer had given him

instructions to ride a log truck out to the woods to work and back and had told him to help load the truck in the evening and ride on it with the last load. In keeping with the principles announced in Petroleum Casualty Co. v. Green, Tex.Civ.App., 11 S.W.2d 388, and Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63, we believe that the testimony was sufficient to support the finding of the jury that Jones received an injury in the course of his employment. The appellant's motion for rehearing is overruled.