J. G. GOFF, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 15611.

Court of Civil Appeals of Texas.

Fort Worth.

April 15, 1955.

Rehearing Denied May 13, 1955.

Grindstaff, Zellers, & Hutcheson, and A. E. Zellers, Weatherford, for appellant and cross-appellee.

Cecil Murphy, Gainesville, and Joe A. Keith, Sherman, for appellee and cross-appellant.

RENFRO, Justice.

Both the plaintiff and the defendant have appealed a workmen's compensation case. The appeal of the plaintiff Goff is based on action of the court in overruling his motion for new trial, wherein he had alleged jury misconduct. The appeal of the Texas Employers' Insurance Association is based on the action of the court in disregarding certain answers of the jury.

The plaintiff admittedly had not worked substantially the whole of the year immediately preceding the date of his injury. In answer to Issue No. 12, the jury found that no other person of the same class had worked substantially the whole of the year immediately preceding the plaintiff's injury. In answer to Issue No. 14, the jury found $55 to be the average weekly wage which would be just and fair to both the plaintiff and the defendant.

The plaintiff, by various points of error, contends that the undisputed evidence shows the jury was told by the foreman that the plaintiff would be paid weekly the amount found by the jury as a fair weekly wage and there would be no deduction, which statement was relied upon and acted upon by the jury; that the jury multiplied various numbers representing the number of weeks of total disability by the average wage found by it until it found an amount to be paid the plaintiff which was $4,400; that the court erred in finding that the jury did not enter into an agreement to answer issues so as to produce a particular result.

The motion for new trial was overruled. At the request of the plaintiff, the trial court filed findings of fact in which it found that the jury answered the issues in the order submitted to it; the jury did not enter into an agreement to answer said special issues so as to produce a particular result; the jury answered Issues Nos. 12 and 14 from a preponderance of the evidence; that *"following the answering of Special Issue No. 14, one or more of the jurors expressed the opinion that the legal effect of the answers to Special Issues 1–14, inclusive, would permit the plaintiff to recover the sum of $55 per week during the period of his total disability. The statements and calculations made in this connection were not made as, or represented to be, facts, but were made as, and represented to be, opinions, and were made *follow-

*ing* the *answering* of said Special Issue No. 14. (Emphasis ours.) Such statements and calculations played no part in the action of the jurors in arriving at their answer to Special Issue No. 14." The court concluded there was no misconduct on the part of the jury.

A careful study of all the evidence introduced on the hearing of the motion for new trial reveals ample support for the trial court's findings. Under the record before us, we are not authorized to disturb such findings. The plaintiff's points of error are overruled.

As a part of its answer the defendant "denies that plaintiff has any disability remaining, but if it should be mistaken in such allegation, same has not been, and is not, a result of the accident in question, but was, and is, the result of causes other than said accident." No exceptions were leveled at the pleadings of the defendant.

In answer to Issues Nos. 15 through 19, the jury found that the plaintiff refused to discard a back brace and exercise his back; that such refusal prolonged his disability; that such refusal was not the sole cause of plaintiff's disability but was a 50% partial cause of disability in excess of thirty weeks.

The plaintiff did not object to the submission of such issues.

After verdict was returned, plaintiff filed a motion requesting the court to disregard the answers to Issues Nos. 15 through 19 on the grounds of (a) no pleadings; (b) no evidence to support same; and (c) the defendant failed to plead and prove any compliance with Article 8307, § 4, R.C.S., Vernon's Ann.Civ.St.

The motion to disregard was sustained and judgment entered without giving any effect to the jury's answers to said issues. It is from this feature of the judgment the defendant has appealed.

As heretofore stated, the plaintiff did not except to the defendant's pleadings and did not object to the submission of the issues in question. It is provided in Rule 274, T.R.C.P., that any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission or fault in pleading, shall be deemed waived unless specifically included in the objections; and Rule 301 provides that the court may upon motion and notice disregard any special issue jury finding that has no support in the evidence.

In the absence of exceptions to the pleadings or objections to the issues, we think the court should have given effect to the findings of the jury if there is evidence in the record to support them.

The defense sought to be established by the issues in question is afforded by Article 8307, § 4, which reads in part as follows: "If any employee shall persist in insanitary or injurious practices which tend to either imperil or retard his recovery, or shall refuse to submit to such medical or surgical treatment * * *, as is reasonably essential to promote his recovery, the Board may in its discretion order or direct the Association to reduce or suspend the compensation of any such injured employee. No compensation shall be reduced or suspended under the terms of this Section without reasonable notice to the employee and an opportunity to be heard."

The plaintiff was injured in a fall on August 12, 1952, while working as a roughneck. He was originally treated in a Gainesville hospital, and on September 10, 1952, was referred to Dr. Mattson, orthopedic surgeon in Dallas, who treated him about eight times. On November 12, 1952, the plaintiff was fitted with a back brace by Dr. Mattson as a temporary means of treatment of muscle spasm and the plaintiff at the same time was instructed to take exercises. On December 22, Dr. Mattson instructed the plaintiff to discontinue the use of the brace and to increase his exercises, and told him the brace had served its purpose and, if he continued to wear it, it would be more of a hindrance than a help. Dr. Mattson testified that as of April 22, 1953, the last time he saw plaintiff, in

his opinion plaintiff was able to return to work.

The defendant referred the plaintiff to Dr. Ledbetter, orthopedic surgeon, of Wichita Falls, and from January 20, 1953 to April 17, 1953, Dr. Ledbetter examined and treated him twelve times. On the first visit Dr. Ledbetter found that because of continuous wearing of the brace plaintiff's muscles had become flabby and he recommended then that plaintiff remove it and explained fully to plaintiff why it should be removed, that as long as he continued to use the brace it would do the work that his back muscles would normally do, hence the muscles could not regain their strength. He treated plaintiff with heat, massage and exercises but stated that such treatment would not be of lasting benefit if plaintiff persisted in wearing the brace. On several occasions he advised plaintiff to quit wearing the brace. In the doctor's opinion plaintiff could not expect to improve as long as he continued to wear the brace. The first time he saw plaintiff the need for temporary protection of the brace had passed. Dr. Ledbetter testified that in his opinion on March 7, 1953, plaintiff had reached the maximum improvement that he would reach until he made up his mind that he intended to use his back, that if he would discard the brace and exercise his back properly he would be able to work within a month. As of April 17, 1953, all he found wrong with the plaintiff was low grade tenderness in the lumbar muscles, which tenderness was no more than would be anticipated from prolonged inactivity. In his opinion the plaintiff was able to go back to work on April 17. Dr. Ledbetter again saw plaintiff on January 26, 1954. Plaintiff was wearing the same brace. In the doctor's opinion treatment would not help him, "it was apparent he was going to persist in wearing his brace in spite of the advice, and in my judgment as long as he continued to wear it treatment would not help him."

In Texas Employers' Ins. Association v. Galloway, Tex.Civ.App., 40 S.W.2d 973, 976, a similar set of issues was requested as defensive issues under Article 8307, § 4. They were refused. The appellate court affirmed the action of the trial court, holding that before the insurer would be entitled to complain of injurious practices on the part of the employee "it would have a request to, and a refusal by, the employee to refrain from such injurious practices."

We believe the above case is not controlling here because the plaintiff has no exceptions to the pleadings or the issues, and the evidence does show that the plaintiff was repeatedly informed by the defendant's doctors that the brace was hindering his recovery and was directed to cease wearing it.

Refusal to submit defensive issues as to failure of the employee to exercise his body was upheld in Traders & General Ins. Co. v. Ross, Tex.Civ.App., 88 S.W.2d 543, reversed on other grounds, 131 Tex. 562, 117 S.W.2d 423, on the ground there was no evidence to support such issues.

A requested defensive issue on removal of disability by physical exercise was refused in Travelers Ins. Co. v. Mote, Tex. Civ.App., 116 S.W.2d 427, the court recognized, however, that under proper circumstances defensive issues on self-injurious practices should be submitted.

The only other Texas case to which we have been cited is Federal Underwriters Exchange v. Popnoe, Tex.Civ.App., 140 S.W.2d 484. In that case, issues were submitted to the jury inquiring whether failure of employee to follow the advice of the doctor prolonged his injury. The issues were decided by the jury against the insurance carrier.

█ █  It seems clear that under Article 8307, § 4, and the cited cases a carrier may urge as defensive issues the questions as to whether or not the employee has persisted in injurious practices which tend to imperil or retard his recovery if such matters are properly before the court. It is our opinion, based on the record before us, that the matter was properly before the court. There being no objections to the pleadings

or the issues, and the evidence being of sufficient probative force to uphold the findings of the jury, we are convinced the trial court erred in disregarding the issues in rendering judgment.

It appearing from the record that the defendant has deposited in the registry of the court $839.61, the amount it is obligated to pay, giving effect to Issues Nos. 15 through 19, the judgment of the trial court is hereby reformed to allow plaintiff said amount.

Reformed and, as reformed, affirmed.